WILLIAM TRAVIS v. THE STANDARD LIFE & ACCIDENT
INSURANCE COMPANY.

*Principal and agent—False imprisonment.*

Where, after the payment of a claim under an accident insurance
policy, the insured is prosecuted criminally for obtaining
the money under false pretenses upon the complaint of
the State agent of the company, and upon his dis-
charge sues the company for false imprisonment, and on the
trial fails to show that the agent acted as such in making the
complaint, or his authority so to act, or the ratification of his
act by the company, and the agent testifies that he acted
individually in making the complaint, there is no room for
inference from the mere fact of agency that the agent repre-
sented the company in instituting the criminal proceeding, the
burden being upon the plaintiff to show that fact.

Error to Wayne. (Gartner, J.) Argued May 12, 1891.
Decided June 5, 1891.

Case. Plaintiff brings error. Affirmed. The facts are
stated in the opinion.

*John G. Hawley,* for appellant, contended:

1. The principles governing the decision in *Turner v. Insurance
   Co.,* 55 Mich. 236, establish defendant's liability in this case.
2. In considering the force and effect of the evidence from which,
   it is claimed, the jury might justly find that the prosecution
   was authorized or countenanced by defendant, it must be borne
   in mind that the defendant remained mute. It denied noth-
   ing and asserted nothing. Having at its command all the
   sources of evidence and all the evidence which would have
   made everything clear, it suppressed them; citing *Wallace v.
   Harris,* 32 Mich. 380; and see *Bacon v. Johnson,* 56 Mich. 182,
   where a corporation was held liable for the acts of its agent
   although it expressly denied that the agent's authority extended
   to the transaction in question.

*Keena & Lightner (F. H. Canfield,* of counsel), for defendant.

GRANT, J.   Plaintiff had been insured by the defendant against accident.  His left hand had been shot off, and his claim was settled and paid in full.  Subsequently he was prosecuted criminally for obtaining this money under false pretenses, upon the alleged ground that the injury was purposely inflicted.  He was discharged upon the examination, and then brought this suit for false imprisonment.

The complaint was made by Joseph T. Patton, who was the State agent of the defendant.  The complainant did not show that Patton was acting as the agent of the company in making it.  The plaintiff introduced no evidence of direct authority conferred upon Patton to make the complaint, nor of ratification of his act in so doing.  Mr. Patton testified that he acted individually, with no authority from the defendant, and wholly on his individual authority.

The claim having been adjusted and paid, there is no room for inference from the mere fact of agency that Mr. Patton represented the defendant in instituting the criminal proceeding.  He could, of his own motion, institute the proceeding as well as by the direction of the defendant.  The burden of proof was clearly upon the plaintiff to show affirmatively that the defendant authorized it.

The circuit court was correct in directing a verdict for the defendant, and the judgment is affirmed.

The other Justices concurred.