J. V. FARWELL v. R. R. LAIRD.

No. 9570.

MALICIOUS PROSECUTION — *examining magistrate's finding of malice and want of probable cause, not evidence for plaintiff in action against prosecuting witness.* The finding of a justice of the peace, made upon the preliminary trial of a person charged with crime, that the complaint of the prosecuting witness against the accused was malicious and without probable cause, cannot, in a suit for malicious prosecution brought by the accused against the prosecuting witness, be received in evidence in support of the claim of lack of probable cause.

Error from Sedgwick district court. Hon. C. Reed, Judge. Opinion filed July 10, 1897. *Reversed.*

*Edwin White Moore,* for plaintiff in error.

*Valentine, Godard & Valentine,* for defendant in error.

DOSTER, C. J. This was a suit for malicious prosecution, brought by the defendant in error against the plaintiff in error. Only one question needs to be specially noticed. On the trial of the case the court, over defendant's objections, received in evidence the find-

ing made by the justice of the peace that the complaint of the prosecuting witness against the accused was malicious and without probable cause, and instructed the jury as follows : "Now in this connection, the court instructs the jury that if you find it to be a fact that the said R. R. Laird was arrested as aforesaid, upon a complaint as aforesaid, and was discharged as aforesaid, then, in that event, the court instructs the jury under the evidence in this case that there was no probable cause for such arrest."

This ruling and this instruction were erroneous. In the case of *Sweeney v. Perney*, 40 Kan. 102, it was held :

"On the trial of an action for malicious prosecution, it is not error for the trial court to refuse to permit to be read in evidence that part of the verdict and judgment in the criminal case, for the institution and the prosecution of which this action is brought, that finds and adjudges that the complaint was malicious and without probable cause ; and that the name of the prosecuting witness was the name of the defendant in the action for malicious prosecution ; and adjudges him to pay the costs."

Counsel for the defendant in error attempts to distinguish the present case from the earlier one, and observes that the earlier case " was a trial before a jury, and not an examination. In that case, before the jury could convict, the guilt of the accused must be proved beyond a reasonable doubt ; while in this case all the magistrate had to do was to·find, not the guilt of the party, but whether there was probable cause to believe him guilty." True, the original case out of which *Sweeney v. Perney* grew was a trial for misdemeanor, and not a preliminary examination on a charge of felony ; but in that case it was not the verdict of acquittal based upon the rule of " reasonable doubt " which had been offered in evidence. What was offered in that·

case, as in this, was the accompanying finding of malice and lack of probable cause. The two cases, therefore, in point of fact are identical. There is, as noticed in the case of *Sweeney v. Perney*, a conflict of authority upon the question whether the record of acquittal or discharge of a person accused of crime, because of lack of probable cause to believe him guilty, can be received in evidence, in a subsequent suit by him for malicious prosecution, in support of his claim of lack of probable cause. To our minds, however, the rule determining the question is plain and of familiar application. It is, that judgments are admissible against strangers to prove only their rendition and their legal effects, and not the facts upon which they rest. 2 Wharton on Evidence, § 823.

The prosecuting witness was not, in the sense of being bound to the defendant by the record of the proceedings, a party to the criminal action instituted by him. Legally speaking, he and the defendant were strangers to that record. True, in the case of *In re Ebenhack* (17 Kan. 618), it was held that, under the statute (Gen. Stat. 1889, ¶ 5451), the prosecuting witness made himself so far a party to the case in which his complaint was filed as that costs and imprisonment could be imposed upon him for a malicious prosecution; but he was a party only as to the State, and in respect to a matter of concern between himself and it. He and the State were litigating the questions of malice and probable cause to determine which should pay the costs of the proceeding. The statute made the questions of malice and probable cause issues auxiliary and incidental to the main case, with the view to a conclusion upon the question of costs. This, however, does not make the prosecuting witness and the defendant parties to the record, in the sense in which estoppels against them arise out of it.

The contention of plaintiff as to the lack of necessary averments in the petition upon a matter of agency, is not well founded. The motion of the defendant in error to dismiss the petition in error because of defects in the certificate of settlement of the case-made, was presented upon a former occasion and overruled. It is again overruled. For the error pointed out, the judgment is reversed and a new trial ordered.