RICHARD R. LAIRD v. JOHN V. FARWELL *et al.*

No. 11190.

1. PLEADINGS—*Amendment.* Discretion exercised by a trial court in permitting amended pleadings to be filed will not be reviewed unless such discretion is clearly shown to have been abused.

2. PRINCIPAL AND AGENT—*Chattel Mortgage—Malicious Prosecution for Perjury.* A chattel mortgagee in possession of a stock of merchandise employed an agent to take charge of the same who had the usual power of selling the goods and accounting for the proceeds. *Held*, that the principal was not liable for the acts of the agent in causing the arrest of a person on the charge of perjury in making an attachment affidavit in an action wherein some of the goods were seized and taken from the possession of the agent.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed May 6, 1899. Affirmed.

*Campbell & Dyer*, for plaintiff in error.

*Edwin White Moore*, and *Charles H. Brooks*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was an action by Richard R. Laird to recover damages from the defendants below, John V. Farwell & Co., for malicious prosecution. The firm of W. J. Wilson & Co. became indebted to the defendants in error in the sum of $30,000 and over, and to the State National Bank in about the sum of $7000, and to secure the same executed to them chattel mortgages on a stock of dry-goods, notions, fixtures, etc., in the city of Wichita. John V. Farwell & Co. were wholesale merchants in Chicago, and they, together with the bank, placed the possession of said stock of goods in the hands of one W. D. Curtis, as their agent, for the purpose of selling the same on

their account as mortgagees. While in charge of said goods and engaged in disposing of the same, Blumenthal Bros. & Co., creditors of W. J. Wilson & Co., brought an action in attachment against the latter. Richard R. Laird, the plaintiff in error, was an agent for Blumenthal Bros. & Co., and signed and verified the attachment affidavit in said suit brought by them. A writ of attachment was thereon issued, and levied on goods in the possession of said Curtis as the agent of John V. Farwell & Co. and the bank. Thereupon Curtis filed a complaint before a justice of the peace charging the plaintiff below, Laird, with perjury in making the attachment affidavit, and caused his arrest upon said charge. A preliminary examination was had, and the plaintiff in error discharged, for the reason that there was no probable cause to believe him guilty of the offense charged against him. He then brought this action. At the close of the evidence introduced by him a demurrer was interposed by the defendants below, which was sustained by the court, and judgment rendered against the plaintiff in error for costs.

The first error assigned relates to the action of the court in granting leave to the defendants below to amend their answer and verify the same. The case had been once tried and judgment rendered for the plaintiff below. The answer to the petition in the first case was a general denial not verified. This of course did not put in issue the authority of the agent Curtis, and such authority was by the pleadings admitted. The first judgment was reversed by this court. (*Farwell v. Laird*, 58 Kan. 402, 49 Pac. 518.) Evidence was introduced on the application for leave to amend and verify the answer, at the conclusion of which the court permitted the amendment to be made. The

33—60 KAN.

allowing of amended pleadings to be filed in a cause
is a matter committed largely to the discretion of the
court, and, unless abused, the exercise of such dis-
cretion will be not reviewed.   It has been held to be
error in some cases to refuse to permit amendments
to pleadings even during the progress of the trial.
(*Wright v. Bacheler*, 16 Kan. 259; *St. L. & S. F. Rly.
Co. v. Dudgeon*, 28 Kan. 285; *Chinberg v. Manufactur-
ing Co.*, 38 Kan. 228, 16 Pac. 462.)

It appears from the evidence that Curtis had the
usual powers conferred upon an agent of mortgagees
in possession of a stock of salable merchandise, his
principal duty being to do whatever was necessary to
convert the same into money, rendering an account of
his agency to his employers.   Did his action in com-
mencing a prosecution against Laird for perjury, and
causing his arrest, bind his principals for the conse-
quences?   In other words, was the arrest of Laird an
act done within the scope of Curtis's employment?
We are quite clear that he exceeded his authority.

In *Hudson v. M. K. & T. Rly. Co.*, 16 Kan. 470, the
plaintiff went to the depot of the defendant railway
company to receive some freight.   While there the
agent of the defendant in charge of the depot assaulted
plaintiff with a poker.   The court held that the as-
saulting of the plaintiff by defendant's agent was not
in the line of the agent's employment.   The court
said:

"The employment may have given the opportunity
and occasion, but it was not an act which in any fair
sense the company could have been considered to have
employed him to do or to have anticipated that he
would do, nor an act which was the act of the com-
pany. . . . A party goes into a store to purchase
goods, and is therefore rightfully there.   He makes
an inquiry as to the price of an article of the clerk

Laird v. Farwell.

behind the counter, who in reply takes a weight and knocks him down with it.  Can this be said to be an act which the proprietor contemplated when he employed the clerk?  That it was in the line of the clerk's employment, and that therefore the employer was responsible?  But the cases are parallel.  The employment in each furnishes the opportunity and the occasion; but in each the act is not one the agent was employed to perform, nor within the scope of his employment.''

In *Mali v. Lord*, 39 N. Y. 381, it was held that a clerk, employed to sell goods, in the absence of his employer had no authority to search, arrest and detain a person suspected of having stolen and secreted about his person any of the goods in his charge; that in so doing the servant was not engaged in the business of the master any more than committing an assault upon or slandering a customer.  The court said:

''In examining this question, it must be assumed that by the employment the master confers upon the servant the right to do all necessary and proper acts for the protection and preservation of his property, to protect it against thieves and marauders; and that the servant owes the duty to so protect it to his employer. But this does not include the power in question.''

In *Pressly v. Railroad Co.*, 15 Fed. 199, a land agent of the company, exercising supervision over its property to the extent of making leases, collecting rents, selling stumpage, and negotiating sales, was held not to have implied authority to the extent of making the railroad liable for the arrest of a person for larceny committed with respect to the property of the company in charge of said agent.  The court said: ''To say that to put the criminal law in operation against a party on a charge of larceny of the property of the corporation is within the scope of his agency, and in the course of his employment, is a proposition which,

in the light of decided cases, cannot be maintained. See also *Allen v. Railway Co.*, 6 Q. B. L. R. 65 ; *Travis v. Insurance Co.*, 86 Mich. 288, 49 N. W. 140. It is not profitable here to mark out the dividing line between the powers of a general agent and the authority of a special agent. The duties of Curtis, as disclosed in the record, were no greater than stated above.

*Railroad Co. v. Brown*, 57 Kan. 785, 48 Pac. 31, was an action for malicious prosecution based on an arrest made by an agent of the claim department of the railroad. The plaintiff was charged with burglary in breaking and entering a station-house of the company. It was held that the railroad was not liable for the agent's tort. The court, speaking through Chief Justice Doster, said :

"Of course, the rules for determining what is, and what is not, in the line of the agent's employment or within the scope of his authority are the same in the case of corporate agents as in the case of agents for individuals. One of these is, that where the right of recovery is not based upon an allowance by the principal to the agent of an appearance of authority which he did not in fact possess — in other words, where the principal is not estopped by his own conduct to deny the agency — he can be held liable only for such acts of his agent as fall within the limits of the authority conferred."

There is nothing to show in the evidence but that Curtis might have been prompted in causing the arrest by a motive beyond that of serving his employers. The court below was called upon to infer that in causing the arrest Curtis was doing an act in furtherance of his master's business, for which his employer was liable. This, however, might be inferred of any agent in charge of his principal's property who might commit a tort which the custody of the property afforded him an opportunity to commit. The rule of implied

authority cannot be extended as far as contended by counsel for plaintiff in error.  (*Travis v. Insurance Co.,* 86 Mich. 288; 49 N. W. 140 ; *Govaski v. Downey,* 100 Mich. 429, 59 N. W. 167 ; *Carter v. The Howe Machine Co.,* 51 Md. 290, 34 Am. Rep. 311.)

The case of *Wheeler & Wilson Mfg. Co. v. Boyce,* 36 Kan. 350, 13 Pac. 609, cited by plaintiff in error, does not assist him.  There the sewing-machine agent was managing agent for the company, and his authority was general.  He had authority to sell machines and collect the money, and it was conceded that he had authority to institute legal proceedings to recover possession of machines conditionally sold.  It was held that the arrest of Boyce was incidental to the replevin action, and made the company liable.  The court said : " His act, although wrongful, was in the line of his employment, was done in the execution of authority conferred upon him, and must be regarded as the act of the company."  The act of Curtis in making the arrest involved malice and want of probable cause. Without more evidence of authority to make the complaint against Laird than we have been able to find in the record, we do not hesitate to say that defendants in error were not responsible for Curtis's acts in causing the arrest.  We are equally clear that the evidence did not sustain the allegations of the petition as to the existence of a conspiracy.

The demurrer to the evidence was rightfully sustained, and the judgment of the district court must be affirmed.