MARTIN, RESPONDENT, v. CORSCADDEN, APPELLANT.

(No. 2,279.)

(Submitted June 8, 1906.  Decided July 2, 1906.)

*Malicious Prosecution—Probable Cause—Malice—Burden of Proof—Reputation—Instructions—Exemplary Damages—Appeal—Bill of Exceptions—Statutes.*

Bills of Exceptions—Statements—Sufficiency—Evidence—Review.
  1.  Where a bill of exceptions or a statement on motion for a new trial does not point out the particulars wherein an alleged insufficiency of the evidence to justify the verdict or decision consists, the supreme court on appeal will not examine the evidence to determine its sufficiency.
Same—Statutes—Retroactive Effect.
  2.  The Act of 1905 (Laws 1905, c. 92, p. 185), amending sections 1152 and 1173 of the Code of Civil Procedure, so as to dispense with the specification of particulars, in bills of exceptions and statements on motion for new trial, in which the evidence is alleged to be insufficient to justify the verdict or decision, has no application to bills or statements settled prior to its enactment.
Malicious Prosecution—Evidence—Justice's Record.
  3.  Where, in an action for malicious prosecution, it appeared that plaintiff had been charged with larceny before a justice of the peace, a recital of the justice's docket, after the entry that defendant had been found not guilty and had been discharged, that, as there were no grounds for complaint, judgment was entered against the complaining witness, for costs, was inadmissible, whether offered as a prior adjudication of the issue on the trial or as an expression of the opinion of the justice thereon.
Trial—Reception of Evidence—Timely Objection.
  4.  An objection to evidence not made until after it has been admitted is. too late, and, though erroneously admitted, the court is not then bound to strike it out.
Malicious Prosecution—Evidence—Reputation.
  5.  In an action for malicious prosecution, the justice before whom plaintiff had been tried and acquitted testified on cross-examination that he had permitted him to go at large on his promise to appear, and on re-examination, in answer to a question why he had not required bail, stated that he had ''confidence'' in plaintiff, and that his father had also guaranteed his appearance. *Held,* that, though such answer was immaterial, it was not prejudicial to defendant, as tending to establish plaintiff's good reputation in the community by the justice's personal opinion, his reputation not having been put in issue by plaintiff nor attacked by defendant.
Same—Probable Cause—Malice—Burden of Proof.
  6.  Where, in an action for malicious prosecution, the proof tends to show absence of probable cause, a *prima facie* case is made for the jury, and the burden then rests upon the defendant to rebut the same

by evidence tending to show probable cause and want of malice on his part.

Same—Evidence—Actual Guilt of Plaintiff of Act Charged—Probable Cause.

7. Actual guilt on the part of plaintiff in an action for malicious prosecution must always be established by proof beyond a reasonable doubt, while probable cause may be shown by proof of such facts and circumstances as would lead a careful and conscientious man to believe that he was guilty.

Same—Probable Cause—Plaintiff's Guilt—General Report—Proof.

8. While mere reputation or the general report of plaintiff's guilt is not sufficient to establish probable cause, in an action for malicious prosecution, it is not necessary that the defendant should have seen and conversed with the witnesses to the act charged.

Same—Evidence—Reputation of Plaintiff—Probable Cause—Mitigation of Damages.

9. In an action for malicious prosecution, evidence of the previous bad reputation of plaintiff is admissible to rebut the proof of want of probable cause and in mitigation of damages.

Same—Evidence—Reputation—Specific Acts—Offer of Proof.

10. Evidence of specific acts of larceny, said to have been committed by plaintiff in an action for malicious prosecution, in another state and not known of in the community in which he resided except by defendant and one other, was not admissible to show the general reputation of plaintiff, and an offer of proof to that effect was properly excluded.

Same—Offer of Proof—Good Faith—Confession of Plaintiff.

11. An offer of proof, by defendant in an action for malicious prosecution, for the purpose of showing his good faith and the absence of malice, that plaintiff had confessed to witness about two years prior to his arrest that he had at one time boarded at a restaurant in another state, and had been in the habit of stealing articles of silverware from the restaurant and giving them to his relatives, all of which had been communicated to defendant prior to the commencement of the prosecution, was too indefinite, in that it did not show when the confessed larcenies were committed, nor that the defendant believed the confession to be true.

Same—Advice of Attorney—Defense—Instructions.

12. An instruction given in an action for malicious prosecution that if the defendant did not make a full, fair and honest statement of all the facts in his knowledge to his counsel and act upon the advice given him thereon, but acted upon a fixed determination of his own, then such advice could not avail him as a defense, correctly stated the law.

Same—Good Faith of Defendant—Instructions.

13. Where the jury in an action for malicious prosecution were told in an instruction that if the defendant honestly believed the plaintiff guilty and acted upon such belief, and it was founded upon facts which would create a belief in a reasonable man that there was probability that the plaintiff had stolen the property in question, such instruction was as favorable to defendant as he could demand.

Same—Exemplary Damages—Pleadings—Complaint—Instructions.

14. *Held,* under section 4290, Civil Code, that in order for plaintiff to recover punitive damages, in an action for malicious prosecution, in addition to those actually sustained, it is not necessary that he claim them, *eo nomine,* in his complaint.

Same—Instructions—Exemplary Damages.

15. Where, in an action for malicious prosecution, the court had previously repeatedly charged that plaintiff was required to establish both want of probable cause and malice, which the jury must find, or return a verdict for defendant, an instruction that in such action, where defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury may award punitive damages, was not objectionable as withdrawing the element of want of probable cause from the jury.

Same—Instructions—Probable Cause—Malice.

16. Where the court, in an action for malicious prosecution, had repeatedly and correctly instructed the jury on the questions of probable cause and malice, and defendant had failed to request further specific instructions relative thereto he may not complain of those given.

Same—Damages—Excessiveness.

17. Where plaintiff in an action for malicious prosecution had been wrongfully charged with the larceny of certain hogs, arrested, tried and acquitted, a verdict for $550 was not excessive, even though plaintiff was not committed to jail or required to give bail.

Same—New Trial—Newly Discovered Evidence—Diligence.

18. Where, in an action for malicious prosecution, defendant applied for a new trial because of newly discovered evidence concerning plaintiff's bad reputation, and defendant stated in his affidavit that before the trial he had inquired of eight persons as to his reputation "as opportunity occurred," but that they were reluctant to testify, though he was able after the trial to obtain several witnesses to prove such fact, the denial of the application for lack of diligence was not an abuse of the trial court's discretion in the matter.

New Trial—Newly Discovered Evidence—Discretion.

19. An application for a new trial on the ground of newly discovered evidence is addressed to the sound legal discretion of the trial court, and its action thereon will not be disturbed on appeal except for a clear abuse of such discretion.

New Trial—Newly Discovered Evidence—Different Result.

20. The action of the trial court in refusing an application for a new trial on the ground of newly discovered evidence will not be reversed where it is not apparent that if it were granted the result would be different from that reached in the former trial.

*Appeal from District Court, Ravalli County; F. C. Webster, Judge.*

ACTION by Elisha B. Martin against George Corscadden. From a judgment for plaintiff and an order denying defendant's motion for a new trial, he appeals. Affirmed.

*Mr. H. L. Myers,* for Appellant.

The only legitimate object of reading a criminal docket in evidence is to prove the termination of the prosecution in favor of

the accused, and when that much of it is read the reading must end. It is not even evidence of lack of probable cause. (*Stewart* v. *Sonneborn,* 98 U. S. 187, 25 L. Ed. 116; *Apgar* v. *Woolston,* 43 N. J. L. 57; *Helwig* v. *Beckner,* 149 Ind. 131, 46 N. E. 644, 48 N. E. 788; *Israel* v. *Brooks,* 23 Ill. 575; *Philpot* v. *Lucas,* 101 Iowa, 478, 70 N. W. 625; *Frye* v. *Wolfe,* 8 Pa. Super. Ct. 468; *Thompson* v. *Beacon Val. Rubber Co.,* 56 Conn. 493, 16 Atl. 554; *Heldt* v. *Webster,* 60 Tex. 207; *Cleveland etc. Ry. Co.* v. *Jenkins,* 75 Ill. App. 17; *McGuire* v. *Goodman,* 31 Ill. App. 420; *Granger* v. *Warrington,* 8 Ill. 299; *Casey* v. *Sevatson,* 30 Minn. 516, 16 N. W. 407; *Coble* v. *Huffines,* 132 N. C. 399, 43 S. E. 909; *Tumalty* v. *Parker,* 100 Ill. App. 382; *Anderson* v. *Keller,* 67 Ga. 58; *Chapman* v. *Dodd,* 10 Minn. 350; *Hinson* v. *Powell,* 109 N. C. 534, 14 S. E. 301; *Dempsey* v. *State,* 27 Tex. App. 269, 11 Am. St. Rep. 193, 11 S. W. 372; *Fletcher* v. *Chicago etc. Ry. Co.,* 109 Mich. 363, 67 N. W. 330; *Bays* v. *Herring,* 51 Iowa, 286, 1 N. W. 558.)

Individual opinions of character are incompetent and immaterial. Character evidence must always be confined to general repute. Plaintiff had the right to prove his general reputation prior to the arrest but he availed himself not of it. But he had no right to introduce the individual opinion of the justice, who seemed to be a friend. (*Dempsey* v. *State,* 27 Tex. App. 269, 11 Am. St. Rep. 193, 11 S. W. 372.)

Evidence of theft confessed by plaintiff to a witness is admissible in an action of this kind, as tending to show whether or not defendant had probable cause to believe plaintiff guilty of the criminal act charged and as going to the good faith and belief of defendant in regarding plaintiff as a criminal and having him arrested and as refuting the allegation of malice. It shows larcenous proclivities. (Newell on Malicious Prosecution, pp. 465-469; 3 Elliott on Evidence, sec. 2478; *Thelin* v. *Dorsey,* 59 Md. 539; *Lamb* v. *Galland,* 44 Cal. 609; *Sherwood* v. *Reed,* 35 Conn. 450, 95 Am. Dec. 284; *Israel* v. *Brooks,* 23 Ill. 575; *Barron* v. *Mason,* 31 Vt. 189.)

Even though advised and but partially influenced by counsel,. an honest belief in plaintiff's guilt negatives malice and is sufficient. (*Goldstein* v. *Faulkes,* 19 R. I. 291, 36 Atl. 9; *McGuire* v. *Goodman,* 31 Ill. App. 420; *Ehrman* v. *Hoyt,* 3 Ohio Dec. 308; *Hitson* v. *Simms,* 69 Ark. 439, 64 S. W. 219; *Miles* v. *Salisbury,* 21 Ohio C. C. 333; *Lyon* v. *Hancock,* 35 Cal. 372; *Strehlow* v. *Pettit,* 96 Wis. 22, 71 N. W. 102; *Kolka* v. *Jones,* 6 N. Dak. 461, 66 Am. St. Rep. 615, 71 N. W. 558; *Biddle* v. *Jenkins,* 61 Neb. 400, 85 N. W. 392.)

It is a question of law for the court to say whether or not the facts presented constitute probable cause and the court must decide that question and cannot delegate it to the jury. The jury can decide whether or not certain facts are proven by the evidence. It is wholly for the court to say whether or not those facts, if proven, constitute probable cause. (*Potter* v. *Seale,* 8 Cal. 217; *Grant* v. *Moore,* 29 Cal. 644; *Harkrader* v. *Moore,* 44 Cal. 144; *Emerson* v. *Skaggs,* 52 Cal. 246; *Eastin* v. *Stockton Bank,* 66 Cal. 123, 56 Am. Rep. 77, 4 Pac. 1106; *Fulton* v. *Onesti,* 66 Cal. 575, 6 Pac. 491; *Bell* v. *Keepers,* 37 Kan. 64, 14 Pac. 542; *Atchison etc. Ry. Co.* v. *Watson,* 37 Kan. 773, 15 Pac. 877; *Bell* v. *Matthews,* 37 Kan. 686, 16 Pac. 97; *Sweeney* v. *Perney* (Kan.), 40 Kan. 102, 19 Pac. 328; *Ball* v. *Rawles,* 93 Cal. 222, 27 Am. St. Rep. 174, 28 Pac. 937; *Lacey* v. *Porter,* 103 Cal. 597, 37 Pac. 635; *Smith* v. *Ins. Co.,* 107 Cal. 432, 40 Pac. 540; *Drumm* v. *Cessnum,* 58 Kan. 331, 49 Pac. 78; *Hess* v. *Oregon Ger. Baking Co.,* 31 Or. 503, 49 Pac. 803; *Markley* v. *Kirby,* 6 Kan. App. 494, 50 Pac. 953; *McClay* v. *Hicks,* 119 Mich. 65, 77 N. W. 636; *Clark* v. *Folkers* (Neb.), 95 N. W. 328; *Metropolitan Life Ins. Co.* v. *Miller,* 114 Ky. 754, 71 S. W. 921; *Boush* v. *Fidelity & D. Co.,* 100 Va. 735, 42 S. E. 877; *Leahy* v. *March,* 155 Pa. St. 458, 26 Atl. 701; *Meysenberg* v. *Engelke,* 18 Mo. App. 346; *Lytton* v. *Baird,* 95 Ind. 349; *Angelo* v. *Faul,* 85 Ill. 106; *Lewton* v. *Hower,* 35 Fla. 58, 16 South. 616; *Chrisman* v. *Carney,* 33 Ark. 316; Newell on Malicious Prosecution, pp. 14, 276-279.)

The law only requires defendant to disclose to counsel all of the facts within his knowledge. When he does that, the law exonerates him. (*Dunlap* v. *New Zealand etc. Ins. Co.*, 109 Cal. 365, 42 Pac. 29; *Hess* v. *Oregon G. B. Co.*, 31 Or. 503, 49 Pac. 803; *Holliday* v. *Holliday* (Cal.), 53 Pac. 42; *Levy* v. *Brannan*, 39 Cal. 485; *Biddle* v. *Jenkins*, 61 Neb. 400, 85 N. W. 392; *Pawlowski* v. *Jenks*, 115 Mich. 275, 73 N. W. 238; *Potter* v. *Seale*, 8 Cal. 217; *Burris* v. *North*, 64 Mo. 426; *Steed* v. *Knowles*, 79 Ala. 446; *Mesher* v. *Iddings*, 72 Iowa, 553, 34 N. W. 328; 3 Elliott on Evidence, sec. 2480.)

Absolute belief in guilt is not necessary to a prosecution, but if the prosecutor has good grounds to strongly suspect the guilt of the accused it is sufficient. (Newell on Malicious Prosecution, pp. 27, 28, sec. 21, p. 252, sec. 1; *Angelo* v. *Faul*, 85 Ill. 106; *Gardiner* v. *Mays*, 24 Ill. App. 627; *Cole* v. *Curtis*, 16 Minn. 182; *Whitfield* v. *Westbrook*, 40 Miss. 311; *Harpham* v. *Whitney*, 77 Ill. 32; *Bacon* v. *Towne*, 4 Cush. (Mass.) 217; *Sisk* v. *Harst*, 1 W. Va. 53; *Blunk* v. *Atchison Ry. Co.*, 38 Fed. 311; *Plassan* v. *Louisiana Lottery Co.*, 34 La. Ann. 246; *Scott* v. *Shelor*, 28 Gratt. (Va.) 891.)

Malice is a material allegation of plaintiff's complaint to be proven by a preponderance of the evidence and not to be presumed from any one thing alone. (Newell on Malicious Prosecution, p. 247, sec. 13; *Brown* v. *Willoughby*, 5 Colo. 1; *Harkrader* v. *Moore*, 44 Cal. 144; *Rogers* v. *Mahoney*, 62 Cal. 611; *Griswold* v. *Griswold*, 143 Cal. 317, 77 Pac. 672; *Wright* v. *Hayter*, 5 Kan. App. 638, 47 Pac. 546; *Helwig* v. *Beckner*, 149 Ind. 131, 46 N. E. 644, 48 N. E. 788; *Tandy* v. *Riley*, 26 Ky. Law Rep. 98, 80 S. W. 776; *Bekkeland* v. *Lyons*, 96 Tex. 255, 72 S. W. 56, 64 L. R. A. 474; *Fugate* v. *Miller*, 109 Mo. 281, 19 S. W. 71.)

Reasonable ground for suspicion is sufficient cause for having a man arrested; and the prosecutor may not and does not have to believe the person arrested guilty. It is sufficient if he have good ground to strongly suspect guilt. (*Williams* v. *Kyes*, 9 Colo. App. 200, 47 Pac. 839; *Scrivani* v. *Dondero*,

138 Cal. 31, 60 Pac. 463; *Brown* v. *Willoughby,* 5 Colo. 1; *Murphy* v. *Hobbs,* 7 Colo. 541, 49 Am. Rep. 366, 5 Pac. 119; *Gurley* v. *Tompkins,* 17 Colo. 437, 30 Pac. 344; *Brooks* v. *Bradford,* 4 Colo. App. 410, 36 Pac. 303; *Stewart* v. *Sonneborn,* 98 U. S. 187, 25 L. Ed. 116; *Emerson* v. *Skaggs,* 52 Cal. 247; *Ball* v. *Rawles,* 93 Cal. 222, 27 Am. St. Rep. 174, 28 Pac. 937; *Cottrell* v. *Cottrell,* 126 Ind. 181, 25 N. E. 905; *Sweeney* v. *Perney,* 40 Kan. 102, 19 Pac. 328; *Johns* v. *Marsh,* 52 Md. 323; *Rankin* v. *Crane,* 104 Mich. 6, 61 N. W. 1007; *Whitfield* v. *Westbrook,* 40 Miss. 311; *Meysenberg* v. *Engelke,* 18 Mo. App. 352; *Bulkeley* v. *Smith,* 2 Duer (N. Y.), 272; *Mahaffey* v. *Byers,* 151 Pa. St. 92, 25 Atl. 93; *Driggs* v. *Burton,* 44 Vt. 124.)

An instruction in an action for malicious prosecution cannot ignore the element of lack of probable cause. If it does, it is fatal. (*Sweeney* v. *Bienville Water Co.,* 121 Ala. 454, 25 South. 575; *Cohn* v. *Saidel,* 71 N. H. 558, 53 Atl. 800; *Talbott* v. *G. W. P. Co.,* 86 Mo. App. 558; *Miles* v. *Salisbury,* 21 Ohio C. C. 333; *Low* v. *Greenwood,* 30 Ill. App. 184; *Morrell* v. *Martin,* 17 Ill. App. 336.)

Neither can it omit the element of malice without fatal error. (*Greenwade* v. *Mills,* 31 Miss. 464.)

*Mr. George T. Baggs,* for Respondent.

A judicial record is always admissible to prove itself, and as the plaintiff's cause of action is based upon the commencement and termination of the prosecution against him in a court of justice, he must necessarily be both allowed and required to prove such commencement and termination by the best evidence. (*Olmstead* v. *Partridge,* 16 Gray, 381; *Winn* v. *Peckham,* 42 Wis. 493; *Mass* v. *Meire,* 37 Iowa, 97; *Ames* v. *Snider,* 69 Ill. 376; *Sweeney* v. *Perney,* 40 Kan. 102, 19 Pac. 328; *Cooper* v. *Utterbach,* 37 Md. 282.) There are a few decisions which declare that the discharge of the accused is not admissible as evidence of probable cause, and that the effect of such discharge is limited to proving that the prosecution has terminated;

but the majority of the decisions upon the subject affirm that the failure of the examining magistrate to commit or the grand jury to indict the accused is admissible, not merely as evidence that there was no sufficient proof to warrant indicting him or holding him to answer, but further, that the prosecutor did not have probable cause for his prosecution. This being true, then the whole record, and not a part thereof, was admissible for that purpose. (*Sharpe* v. *Johnston,* 76 Mo. 660; *Bornholdt* v. *Souillard,* 36 La. Ann. 103; *Bigelow* v. *Sickels,* 80 Wis. 98; *Frost* v. *Holland,* 75 Me. 108; *Vinal* v. *Core,* 18 W. Va. 42; *Jones* v. *Finch,* 84 Va. 204, 4 S. E. 342; *Nicholson* v. *Coghill,* 9 Dowl. & R. 13; *Johnson* v. *Chambers,* 10 Ired. 287; *Griffin* v. *Chubb,* 7 Tex. 603, 58 Am. Dec. 85; *Cooper* v. *Utterbach,* 37 Md. 282.)

Though the plaintiff must be prepared to defend his general reputation, he is not required to meet charges of specific offenses. (*Gregory* v. *Thomas,* 2 Bibb, 286, 5 Am. Dec. 608.) The facts and circumstances upon which the defense relies as evidence of probable cause must tend to show the commission of the crime charged. It is not sufficient that they existed and tended to prove, or proved, a wrongful or criminal act, if it was not the act charged. Hence probable cause for the prosecution for larceny is not shown by evidence that the facts upon which the defendant proceeded tend to prove that the property had been converted. (*Turner* v. *O'Brien,* 5 Neb. 542; *Falvey* v. *Faxon,* 143 Mass. 284, 9 N. E. 621; *Stone* v. *Stevens,* 12 Conn. 219, 30 Am. Dec. 611.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for malicious prosecution. The plaintiff had verdict for $550. Judgment was entered in his favor for this amount and costs of suit, taxed at $102.60. The defendant has appealed from the judgment and an order denying him a new trial. He seeks a reversal of the judgment and order on the grounds: (1) That the evidence is insufficient to sustain the

verdict; (2) that errors of law occurred during the trial prejudicial to him; (3) that the damages awarded by the jury are excessive, being given under the influence of passion and prejudice; and (4) that the court abused its discretion in refusing a new trial on the ground of newly discovered evidence, which defendant could not with reasonable diligence have discovered or produced at the trial.

1. Appellant is not entitled to have the evidence examined to determine its sufficiency, for the reason that the bill of exceptions does not specify the particulars wherein the alleged insufficiency consists, as required by section 1152 of the Code of Civil Procedure. The rule has been uniformly observed by this court that, when the bill of exceptions or statement does not point out the particulars wherein there is a failure in the evidence to justify the verdict or decision, the appellant may not rely on any alleged insufficiency therein as a ground for a new trial. The bill of exceptions in this case was settled on January 31, 1905. The legislature of 1905 passed an Act approved March 4, 1905 (Laws 1905, p. 185, Chap. XCII), amending section 1152, *supra,* and section 1173 relating to statements on motion for new trial, so as to dispense with the necessity of specifications of particulars of insufficiency of the evidence; but it cannot be held to apply to bills of exceptions or statements settled prior to its enactment. Nevertheless we have examined the evidence with care, and do not think there is merit in appellant's contention. On most points it is conflicting, and, taken as a whole, presents a case upon which the jury was amply justified in finding for the plaintiff. It is not apparent, therefore, that the trial court abused its discretion in refusing a new trial on this ground.

2. The evidence shows that the defendant filed a complaint in one of the justices' courts in Ravalli county charging the plaintiff with the larceny of two hogs; that an examination was had by the justice, at which it was made to appear that there was a controversy between the plaintiff and the defendant as to whether they were tenants in common of the hogs, or whether

the plaintiff was merely the lessee of the defendant under a contract to care for the hogs for one-half the increase. The offense charged was grand larceny, and out of the prosecution thus instituted by the defendant, this action grew.

The justice was examined as a witness for the plaintiff, and, in connection with his statement, the record of the proceedings before him was introduced. He was requested to read the entries made by him upon his docket. This was done for the purpose of showing that the prosecution had terminated. All of the entries went in without objection. Among other things the docket shows the following: "After hearing the evidence in the above-entitled cause, the defendant found not guilty and discharged; and there seeming to be no grounds for complaint, judgment is hereby entered against George Corscadden, complaining witness, for costs." After this had been read to the jury, counsel for defendant objected to the part following the word "discharged," and moved to strike it out on the ground that it was immaterial. The objection and motion were overruled.

It is argued that this was gross error, in that the judgment of the justice upon the very point at issue, to-wit, whether the prosecution was without probable cause and malicious, was thus allowed to go to the jury as a prior adjudication of it. We think the evidence was wholly irrelevant and incompetent, as well as immaterial, whether offered as a prior adjudication of the issue on trial, or as an expression of opinion by the justice thereon. (*Farwell* v. *Laird*, 58 Kan. 402, 49 Pac. 518; *Apgar* v. *Woolston*, 43 N. J. L. 57; *Helwig* v. *Beckner*, 149 Ind. 131, 46 N. E. 644; *Casey* v. *Sevatson*, 30 Minn. 516, 16 N. W. 407; *Fletcher* v. *Chicago etc. Ry. Co.*, 109 Mich. 363, 67 N. W. 330; *Bays* v. *Herring*, 51 Iowa, 286, 1 N. W. 558; *Anderson* v. *Keller*, 67 Ga. 58; *Skidmore* v. *Bricker*, 77 Ill. 164; *Israel* v. *Brooks*, 23 Ill. 526.) But, even so, the appellant cannot complain. The objection was not made until after the evidence had been admitted. It therefore came too late. Since this is so, the court committed no error in refusing to strike out the evidence. If

a party sits by and permits objectionable evidence to go into
the record without protest, he may not afterward be heard to
say that he has been prejudiced by the court's refusal to strike
it out. (*Poindexter & Orr L. S. Co.* v. *Oregon Short Line
Ry. Co.,* 33 Mont. 338, 83 Pac. 886.)   If counsel did not know
of the contents of the docket, he should have informed himself;
and, having failed to do so and object at the proper time, the
court was not bound to strike out the objectionable part of it.

During the cross-examination the justice was asked by counsel
for defendant whether, when the warrant of arrest was issued
and the plaintiff came into court, he had committed him to jail
or required him to give bail for his appearance pending a hear-
ing.   He said that he had not, but had permitted him to go at
large on his own promise to appear.   Later, on re-examination,
he was asked why he had not required bail.   His answer was,
in substance, that he did not require it of defendants if he had
confidence in the person, and that he had confidence in plaintiff;
besides, the plaintiff agreed to appear, and his father, who was
with him, guaranteed his appearance.   This statement was
permitted to go to the jury over defendant's objection, and it
is argued that it was incompetent as tending to establish a
good reputation for the plaintiff in the community by thus in-
directly introducing the mere personal opinion of the justice.

There was no issue in the evidence touching the reputation
of the plaintiff in the community.   The plaintiff did not put
it in issue, nor was it attacked by the defendant.   The matter
was allowed to rest upon the presumption indulged by the law
in favor of every person that he bears good repute among his
neighbors until the contrary appears.   The court was apparently
of the opinion that, since it appeared that the justice had not
followed the course contemplated by law in such cases, it was
proper to permit him to explain why.   As affecting the merits
of the case, we think the reason why the justice indulged the
plaintiff as he did was immaterial; but we cannot see that the
mere use of the word "confidence" could have the effect upon
the minds of the jury which counsel claim it must have had.

It amounts to no more than an expression of a personal belief, entertained at the time by the justice, that the plaintiff would appear at the hearing on the day fixed, without reference to any notion he might have had that the plaintiff had theretofore borne a good reputation. Under the circumstances, it was but natural for the inquiry to be made, and the answer was only such as the jury would naturally supply in their own minds, even though it had not been made and the matter called to their attention. It is hardly possible in any case to exclude all immaterial evidence, and when a particular fact is of such small significance as the one in question here, and was probably already inferred by the jury from the statements of the witness called out by the defendant himself, which were admittedly competent and material, it can hardly be said that it prejudiced the defendant.

As tending to show probable cause and absence of malice on the part of the defendant, counsel offered to prove by one Thomas that the plaintiff had confessed to him, about two years prior to his arrest, that he had at one time boarded at a restaurant in St. Louis, Missouri, and had made a habit of stealing articles of silverware from the restaurant and giving them to his relatives, all of which had been communicated to the defendant prior to the institution of the prosecution. Upon objection, this was excluded as irrelevant, and we think properly so.

All the books agree that the plaintiff must prove both want of probable cause and malice, and that, where the absence of the former is established, the presence of the latter may be inferred. In other words, when the proof tends to show the absence of the former, a *prima facie* case is made for the jury. The burden then rests upon the defendant to rebut this *prima facie* case; and this he must do by any evidence tending to show the existence of probable cause and the want of malice on his part. Probable cause, however, is not to be confounded with actual guilt. The latter must always be established by proof beyond a reasonable doubt, while "probable cause is only such a state of facts and circumstances as would lead a careful and

conscientious man to believe that the plaintiff was guilty."
(*Barron* v. *Mason*, 31 Vt. 189.)

In the particular case, then, the inquiry must be, not whether
the plaintiff was actually guilty, but whether the facts and cir-
cumstances were such as to warrant the defendant, as a prudent
and conscientious man, to believe him guilty; and while mere
reputation or the general report of plaintiff's guilt is not suffi-
cient to establish probable cause, it is not necessary that the
defendant should have seen and conversed with the witnesses
themselves.  This it is often impossible to do; just as in case
of public officials whose sworn duty it is to prosecute viola-
tions of the law brought to their knowledge, though they can-
not always see and converse with those who have actual knowl-
edge.  All that is required is that a prudent and conscientious
inquiry be made, and if it then appears that testimony is at
hand or obtainable justifying a well-founded belief that a viola-
tion of the law can be established and a conviction secured,
there is probable cause to proceed with the prosecution; other-
wise both the public officer and private citizen would be pre-
cluded from action to redress public wrongs, until witnesses had
been seen and conversed with and a complete case made out.

The general reputation of the plaintiff at the time that the
prosecution was instituted against him, becomes an important
fact in the inquiry.  For, naturally, the average prudent man
would more readily impute guilt to a man of bad criminal reputa-
tion in the community, than to one of good character and stand-
ing.  In this class of cases, therefore, evidence of the previous
bad reputation of plaintiff is always admissible to rebut the
proof of want of probable cause, as well as to mitigate the
damages.  (3 Sutherland on Damages, 708; Newell on Malicious
Prosecution, 465; *Rosenkrans* v. *Barker*, 115 Ill. 331, 56 Am.
Rep. 169, 3 N. E. 93; *Pullen* v. *Glidden*, 68 Me. 559; *McIntire*
v. *Levering*, 148 Mass. 546, 12 Am. St. Rep. 594, 20 N. E. 191,
2 L. R. A. 517.)  But, as Mr. Newell observes: "None of the
cases go so far as to permit proof of particular instances of
bad conduct."  Reputation can be proven only by the testi-

mony of witnesses who, by association and acquaintance in the community where the person whose reputation is in question resides, know what is there said of him and who can, from such knowledge, express an opinion thereon. The testimony in question does not fall within this rule. It tends to show, not general reputation in the community, but specific acts of larceny not known in the community, so far as the offer to prove shows, except to the witness Thomas and the defendant.

But defendant contends that it also tended to show his good faith and, therefore, to rebut the allegation of malice. In this we think there is no merit; for, conceding that it might otherwise be admissible for this purpose, the offer to prove is too indefinite, in that it does not show when the confessed larcenies were committed, nor that the defendant believed the confession of them to be true. If he did not believe the hearsay report of them made to him, they would not in any case be the foundation of a belief of plaintiff's guilt of the larceny charged by himself. So far as the proof shows, the confession, though true, may have related to crimes committed many years ago, at a time too remote from the time of this controversy to have any evidentiary value as tending to show good faith in plaintiff.

3. Contention is made that the court erred in submitting several instructions to the jury. As an illustration: It is said that the third paragraph of the charge told the jury that the defendant must have relied exclusively, in good faith, upon the advice of counsel after a full and fair statement of all the facts within his knowledge, or else they must find against him. We do not so read this paragraph. In it the court told the jury, in substance, that if the defendant did not make a full, fair, and honest statement of all the facts in his knowledge to his counsel and act upon the advice given thereon, but did act upon a fixed determination of his own, then such advice could avail him nothing. We think this a correct statement of the law; for it seems clear that if he did not act upon the advice given him, but independently thereof, he may not rely upon

the fact that it was given him to show an honest belief that there was probable cause for the prosecution. In this part of the charge the court was dealing with the particular matter of the advice of counsel, and the extent to which the defendant might rely upon it to justify his conduct. It had already, in a preceding paragraph, told the jury that if the advice of counsel had been sought by him in good faith, upon a full and fair statement of the facts, and he acted upon it, this would be a complete defense.

In a later paragraph the jury were told that if the defendant honestly believed the plaintiff guilty, and acted upon such belief, and it was founded upon facts which would create a belief in a reasonable man that there was probability that the plaintiff had stolen the hogs in question, they must find for the defendant. Both of these instructions were as favorable to the defendant as he could demand; and, reading the whole charge together, we do not see how the jury could have understood that the defendant could not rely upon his own honest belief as well as the advice of counsel, or either.

Paragraph 25 of the charge is as follows: "In an action for malicious prosecution, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant, not exceeding in all the amount claimed in the complaint." It is said of this instruction that it is not justified by the pleadings, for that there is no claim made therein for punitive damages. It is also argued that, since malice is an essential element to be established by the plaintiff in an action for malicious prosecution, this instruction, in effect, warranted the jury in finding for the plaintiff, without reference to whether the proof established the want of probable cause.

The Civil Code provides: "Sec. 4290. In any action for a breach of an obligation not arising from contract where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may

give damages for the sake of example, and by way of punishing the defendant.'' The contention that, under this provision, the plaintiff must have claimed punitive damages *eo nomine* in the pleading or he could not recover them is without merit. The complaint alleges a tort, done with malicious motive. In every such case, says the statute, the jury may award punitive damages. All that is required in the pleading is to state a case which, if proved, will entitle the plaintiff to such damages, in addition to those actually sustained. (5 Ency. of Pl. & Pr. 724; *Savannah etc. Ry. Co.* v. *Holland,* 82 Ga. 257, 14 Am. St. Rep. 158, 10 S. E. 200; *Davis* v. *Seeley,* 91 Iowa, 583, 51 Am. St. Rep. 356, 60 N. W. 183; *Wilkinson* v. *Searcy,* 76 Ala. 176.)

Nor do we think the instruction excluded from the jury consideration of the element of the want of probable cause. The court had theretofore repeatedly and correctly told the jury that the plaintiff must establish both want of probable cause and malice, and that they must find both from the evidence, or that their verdict should be for the defendant. The effect of the instruction was to inform the jury that if they found these, they might, in fixing the actual damages, in consideration of the fact that malice was apparent, also add such amount as they thought the circumstances justified, by way of example. The statute includes actions for malicious prosecution, and since this action is founded upon malice, it must follow that punitive damages may, if the jury think proper and the court so instructs them, be awarded in every such case. Since the statute states the rule, the court did not err in following it. If counsel desired further specific instructions upon the subject, he should have requested them. Besides, it is reasonably apparent that the jury did not award punitive damages, for, since it found that the prosecution was malicious, it seems that the small verdict of $550 would indicate that they were satisfied to award actual damages only.

4. This last remark disposes of the contention that the verdict is excessive. The amount awarded is, to say the least, a moder-

ate allowance for the humiliation and shame presumably suffered by the plaintiff by reason of a groundless charge of felony made against him, even though he was not committed to jail or required to give bail.

5. The newly discovered evidence upon which defendant based his application for a new trial consists in the statements of several persons residing in the neighborhood, to the effect that the plaintiff is of bad repute as a man of honesty, integrity, and veracity in the community. The defendant, in his affidavit, states that prior to the trial he made such inquiry as he could "as opportunity occurred," in order to find out the reputation of the plaintiff, but that he found the eight persons to whom he went, giving their names, reluctant to testify, and for that reason did not secure any witnesses whom he could use at the trial. He also had his attorney to make inquiry, and it appears that the attorney conversed with only one of these and one other in search of evidence. These two persons he found reluctant to testify. But after the trial was over he found plenty of witnesses who were ready and willing to furnish testimony, among them those furnishing their affidavits, and he says that if he could have a new trial, he could establish the bad repute which plaintiff bears.

The evidence relied on might, on another trial, produce a different result, though this is not apparent. Had the defendant made out a case of diligence, the district court might, upon the showing made, have granted a new trial; but he does not make out such a case. Inquiry of a few men in a populous community, "as opportunity occurred" does not show that defendant acted with that degree of diligence which the necessity of the case required; but that he became diligent only after he found the result of the trial adverse, and when smarting under a realization of defeat. It is apparent that if defendant had used the same diligence before the trial as he did afterward, he would have been successful in finding all the witnesses necessary, for we cannot assume that all the persons in the community who were competent witnesses and who must have

been acquainted with the plaintiff, were at first averse but are now willing to state the facts within their knowledge. This court has frequently approved the rule that an application for a new trial on this ground is addressed to the sound legal discretion of the trial court, and that its action upon the application will not be disturbed, except in instances manifesting a clear abuse of such discretion. (*In re Colbert's Estate,* 31 Mont. 477, 107 Am. St. Rep. 439, 78 Pac. 971.) Such abuse of discretion is not here apparent. And the rule is especially applicable in cases in which it is not apparent that if the new trial should be granted, the result would be different. (ld; *Territory* v. *Bryson,* 9 Mont. 32, 22 Pac. 147.)

The defendant seems to have had a fair and impartial trial. We find no error in the record through which he has suffered prejudice. We think the judgment and order should be affirmed. It is so ordered.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.