No. 19,353.

JOE TUCKER, *Appellee*, v. WERT BARTLETT, *Appellant*.

SYLLABUS BY THE COURT.

1. MALICIOUS PROSECUTION.—*Discharge on Preliminary Examination—Want of Probable Cause.* In an action for malicious prosecution the fact that the plaintiff, having been accused of a felony, was discharged upon a preliminary examination before a justice of the peace, may constitute *prima facie* evidence of a want of probable cause for his arrest.

2. SAME—*Cause Properly Submitted to Jury.* The evidence held sufficient to warrant submitting the case to the jury.

3. SAME—*Belief that Probable Cause Existed Not Sufficient.* The fact that one who caused the arrest of another upon a criminal charge believed that probable cause existed therefor does not necessarily exempt him from liability for malicious prosecution.

4. SAME—In order for a prosecution to be malicious it is not essential that the instigator should have known his act to be illegal.

5. SAME—*Probable Cause—Instructions Not Prejudicially Erroneous.* An instruction implying that what constitutes probable cause is a question of fact held not to be a ground of reversal, because accompanied by a full statement of the facts necessary to be shown in the particular case in order to justify a finding on the subject.

Appeal from Sheridan district court; CHARLES W. SMITH, judge. Opinion filed February 12, 1916. Affirmed.

*H. O. Caster,* of Oberlin, for the appellant.

*W. H. Clark,* of Hoxie, and *S. N. Hawkes,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Wert Bartlett caused the arrest of Joe Tucker upon the charge of setting fire to his barn. A preliminary examination was held before a justice of the peace, and Tucker was discharged. He brought an action against Bartlett for malicious prosecution, and recovered a judgment, from which this appeal has been taken.

(1) The defendant maintains that there was no evidence either of the want of probable cause or of malice. The weight of authority supports the rule that the discharge of an accused

by an examining magistrate is *prima facie* evidence of the want of probable cause for his arrest. (Note, 64 L. R. A. 474, 481; Note, 3 Ann. Cas. 112.) This court has held that a finding by the magistrate that a complaint was made maliciously and without probable cause is not admissible in an action for malicious prosecution. (*Farwell v. Laird,* 58 Kan. 402, 49 Pac. 518.) But that is a different question, although doubtless closely related. The case cited is based upon the principle that judgments are not admissible against strangers as evidence of the facts on which they rest. That rule, however, is subject to some exceptions. (*Trust Co. v. Railroad Co.,* 93 Kan. 340, 348, 144 Pac. 210.) The fact that upon a preliminary examination an accused is held to answer the charge against him as accepted as *prima facie* evidence of the existence of probable cause for his prosecution. (*Ross v. Hixon,* 46 Kan. 550, 26 Pac. 955.) We think in view of the general practice the discharge by the justice of the peace should be regarded as tending to show the want of probable cause, and, therefore, as being sufficient to place upon the defendant the burden of showing its existence.

(2) The defendant relied largely upon evidence that two bloodhounds were put upon a trail at the barn, and followed it to the plaintiff's home. Just what the dogs did, and what inference could reasonably have been drawn from their conduct, were matters of proof, and it can not be said that the facts in that regard were conclusively established. Moreover the defendant was shown to have had knowledge that the plaintiff claimed to have been at church at the time of the fire, and there was room for an inference that he had not made reasonable inquiry to learn the truth in that regard prior to causing the arrest. Testimony was given of statements made by the defendant that he would hate to send an innocent man to the penitentiary, and that he was surprised at the action of the dogs, as he had not previously suspected the plaintiff. This evidence tended to show the absence of malice, but can not be said to be necessarily controlling. The defendant was advised in his course by competent attorneys, but the jury specifically found that he had not made a full disclosure to them of the known facts. We conclude that the case was rightly submitted to the jury.

(3) A special finding was also made that the defendant, at the time he instituted the prosecution against the plaintiff, believed that he had probable cause for so doing. His belief on this subject, however, is not the determining question, for he may have had an entirely mistaken idea as to what constituted probable cause. "It is not material, in an action against him [a defendant] for malicious prosecution, whether he believed that probable cause existed in a legal sense, unless as bearing upon the question of malice." (*Michael v. Matson*, 81 Kan. 360, syl. ¶ 2, 105 Pac. 537.) The vital question was whether the defendant upon reasonable grounds believed that the plaintiff had set fire to his barn. Proof that a person charged with assault and battery had acted in self-defense would require a decision in his favor, but a finding that he had believed he was acting in self-defense would not have that effect.

(4) Complaint is made of this language in an instruction: "Whatever is done purposely, if it be at the same time wrongful, and is done without just cause, is maliciously done." This is substantially the same as was said in an instruction approved in *Leicester v. Hoadley*, 66 Kan. 172, 71 Pac. 318: "A malicious act is 'an unlawful act done intentionally, without just cause or excuse.'" (p. 174.) The sentence objected to was preceded by this: "Malice in the legal sense consists in the wilful doing of an unlawful act, without a just cause or excuse for the doing it." A knowledge that the act in question is wrongful or illegal is sometimes included as one of the elements in a definition of malice, as the word is used in this connection. (26 Cyc. 49.) But if one intentionally does that which the law condemns, the circumstance that he is not aware of such condemnation does not affect the legal quality of the act. The definition given by the trial court is substantially that approved by the authorities. (Note, 21 Ann. Cas. 756, 758.) Therefore no error was committed in this regard.

(5) The defendant maintains that the judgment should be reversed because the jury were told that "probable cause is such reasonable grounds as will cause in the mind of an ordinarily careful and prudent person an honest belief in the criminal guilt of another." Standing by itself such an instruction has been held to be erroneous because it treats the question of what constitutes probable cause as one of fact in-

stead of as one of law. (*Michael v. Matson*, 81 Kan. 360, 105 Pac. 537.) But, as indicated in the case cited, the objection may be removed by "a clear and accurate statement of what specific facts under the circumstances of the particular case would, if found to exist, be sufficient under the law" (Syl. ¶ 1) to constitute probable cause. Such a statement was given in the present case, so that the instruction is not open to the objection urged.

The judgment is affirmed.