THE HOWE MACHINE COMPANY v. JAMES H. CLARK.

1. AGENCY—PROOF OF; *Declarations of Supposed Agent Not Admissible.* While it is competent to prove a parol agency, and its nature and scope, by the testimony of the person who claims to be the agent, and to prove any parol authority by the testimony of the person who claims to possess such authority, yet it is not competent to prove the supposed authority of an agent, for the purpose of binding his principal, by proving what the supposed agent has said at some previous time. Nor is it competent to prove a supposed authority

of any kind, as against the person from whom such authority is claimed to have been received, by proving the previous statements of the person, who, it is claimed, had obtained such authority.

2. IMPEACHING WITNESS; *Foundation Must be Laid.* It is error for the court to allow one party to attempt to impeach the testimony of a witness of the other party by reading to the jury a portion of a deposition formerly taken of the witness, without having first called the attention of the witness to any portion of the deposition, and without having first given the witness any opportunity to explain.

### *Error from Johnson District Court.*

REPLEVIN. The property in controversy was taken on the order of delivery, and delivered to the plaintiff. Trial at the November Term 1873. Verdict and judgment for defendant, for a return of the property, or for its value if return could not be had, (the value being assessed at $105,) and for $33.33 damages for its caption and detention. The plaintiff brings the case here. The transcript shows that a motion for a new trial was made in the court below, in which sixteen grounds were stated. The petition in error assigns twenty-two supposed errors occurring at the trial, and in subsequent proceedings. And the brief of plaintiff presents and argues thirteen supposed errors.

*Devenney & Green,* for plaintiff.

*St. John & Parker,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by the Howe Machine Company against James H. Clark, to recover the possession of two horses, one set of double harness, and one set of thills. The judgment in the court below was in favor of the defendant and against the plaintiff, and the plaintiff brings the case to this court for review. The theory of the plaintiff with regard to such property is as follows: The plaintiff originally owned the property. It employed one H. E. Tracy to procure sales of its sewing-machines in Johnson county, and furnished him with an

"outfit" for that purpose, consisting of said property, together with some other property. The property in controversy was hired to Tracy upon certain conditions, which conditions were immediately broken by Tracy, and the plaintiff from that time not only claims to have owned the property, but also claims to have had the right to the immediate possession thereof. Afterward Tracy sold said horses and harness, and delivered the same, together with said thills, to the defendant Clark, without the knowledge or consent of the plaintiff. The petition was an ordinary petition in replevin. The answer was a general denial, without any prayer for a return of the property, or for damages, or indeed for anything else. The action was tried upon these pleadings; and the plaintiff claims that many errors were committed during the trial. We think there were not as many errors committed as the plaintiff claims, and yet we think there was sufficient error committed to require a reversal of the judgment.

It was error for the court to permit defendant to prove the statements of Tracy formerly made by him concerning this and other property. The defendant claimed that Tracy had authority from the Howe Machine Company to sell this identical property; and, for the purpose of proving that Tracy had such authority, introduced evidence over the objections of the plaintiff, but with the permission of the court, showing that Tracy had at different times stated that he had such authority, and that he had authority to sell not only this but other property belonging to the company. Now it is competent to prove a parol agency, and its nature and scope, by the testimony of the person who claims to be the agent. It is competent to prove a parol authority of any person to act for another, and generally to prove any parol authority of any kind, by the testimony of the person who claims to possess such authority. But it is not competent to prove the supposed authority of an agent, for the purpose of binding his principal, by proving what the supposed agent has said at some previous time. Nor is it competent to prove a supposed authority of any kind, as against the person from·

whom such authority is claimed to have been received, by proving the previous statements of the person who it is claimed had attained such authority.

It was also error for the court to allow the defendant to attempt to impeach the testimony of the witness Blackman, by reading to the jury a portion of a deposition formerly taken of Blackman, without having first called Blackman's attention to any portion of said deposition, and without having first given Blackman an opportunity to explain.

It is not necessary to consider any of the other alleged errors.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.