A. J. REAM *et al.* v. JOSEPH McELHONE.

1. REPLEVIN—*Evidence to Uphold Judgment.*  In an action of replevin against four parties to recover property, where it appears that two of the parties had previously held a chattel mortgage upon the same, but had transferred it to another before the commencement of the action, and it is not shown that they ever took, held or claimed possession of the property, nor yet that they were connected with the other two defendants in the taking and holding possession of the property, a judgment against the two former mortgagees for the return of the property cannot be upheld.

2. AGENCY, *Testimony to Prove.*  Parol authority or agency may generally be proved by the testimony of the person who claims to be the agent, but it cannot be established by the oral declarations of the supposed agent.

*Error from Smith District Court.*

THE opinion states the material facts.

*Webb McNall,* for plaintiffs in error.

*L. C. Uhl,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:  This was an action of replevin, brought by Joseph McElhone against A. J. Ream, George Adams, Geo. Talbot, and D. E. Kelley, to recover the possession of a span of mules.    He claimed to have a special ownership by virtue of a chattel mortgage, executed by the owner of the mules on

October 5, 1887, to one White, who had assigned the same to McElhone. The answer of Ream was a general denial, and an allegation that on October 6, 1887, John Gosney, the owner of the mules, executed and delivered to the defendant his promissory note for $300, due on demand, and, to secure the payment thereof, executed and delivered a chattel mortgage upon the mules in question. He further alleged, that before any demand was made he sold and delivered the note and mortgage to Kelley, and had no interest in the mules at the commencement of the suit, nor for a long time prior thereto. Kelley answered by a general denial, and by an allegation that the note mentioned by Ream had been transferred to him, together with the mortgage upon the mules, and that prior to any demand upon him the note and mortgage were transferred to Alex. Thompson. He disclaimed any interest in the property, and he alleges that he has not had the possession or control of the same at any time since the commencement of the suit, nor since the demand was made upon him for the mules. Adams and Talbot jointly answered that Adams was a constable, and that Alex. Thompson delivered to him the chattel mortgage which has been mentioned, and directed him to proceed and take the mules; that on October 7, Adams employed Talbot to go with him to take possession of them under the chattel mortgage, and that they took possession of them and immediately delivered them to Alex. Thompson. They alleged that they were acting as the agent of Thompson, and that they had not the possession of the property. A trial was had without a jury, which resulted in a judgment in favor of McElhone against all the defendants.

Complaint is made that the finding and judgment are not sustained by sufficient evidence. It appears that McElhone held by assignment a first mortgage upon the mules in dispute, and that John Gosney, the owner of the mules, had also executed a mortgage upon them to A. J. Ream, on October 6, 1887, to secure an indebtedness of $300. Ream transferred the note and mortgage to Kelley, and it appears that neither of them had possession or control of the mules at the time of

the demand, or, in fact, at any previous time.   Each of them
disclaimed ownership or right of possession, and, according to
the testimony of the plaintiff himself, they told the sheriff,
while in search of the property, that they made no claim to
the same.   The validity of the debt and the second mortgage,
transferred by Ream to Kelley, and by Kelley in turn to
Thompson, has not been attacked.   The fact that each held
and transferred the mortgage upon the mules does not of
itself show that they were connected with Adams, Talbot and
Thompson in the effort to deprive McElhone of the mules, or
that they were wrongfully detaining them.   Adams and Tal-
bot took and held possession of the mules for a time, and
afterward they were shifted to the possession of Thompson.
We think there is testimony, under the authority of *Schmidt
v. Bender*, 39 Kas. 439, to sustain the judgment as against
them.   The manner in which they took possession, the state-
ments which they made concerning their right and authority,'
together with the subsequent disposition of the mules, by
which they were transferred to Thompson, who resided in
another county, satisfy us that the judgment against them
should stand.   It is not shown, however, that Ream or
Kelley ever had any possession, or claimed any right to the
possession, of the mules.   Neither is it shown that they had
any connection with Talbot and Adams in the wrongful tak-
ing of the property.   It is claimed by the defendant in error
that they were engaged with Adams and Talbot in a con-
spiracy to gain possession of the property and transfer it be-
yond his reach, and possibly a fuller inquiry than was made
might connect them with the transaction, but the testimony
in the record does not.   It is true that one witness testified
that Talbot told him that he was acting for Kelley in taking
the mules, but this evidence was mere hearsay.   The author-
ity of Kelley cannot be shown in this manner.   It is gener-
ally competent to prove parol authority by the testimony of
the person who claims to possess such authority; but it can-
not be proved by testimony of the oral declarations of the

supposed agent himself. (*Machine Co. v. Clark*, 15 Kas. 492; *Mo. Pac. Rly. Co. v. Stults*, 31 id. 752.)

The judgment of the district court will be modified to this extent: It will be affirmed as against George Adams and George Talbot, but there will be a reversal of the judgment as to A. J. Ream and D. E. Kelley. The cause will be remanded for a new trial as against the two latter parties.

All the Justices concurring.