## HERBERT H. CLARK v. JENNIE FOLSCROFT.
### No. 13,231. (73 Pac. 86.)

#### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Testimony of Servant.* Statements made by a servant in the absence of the master are inadmissible in evidence to show that a tortious act committed by the former was done while the servant was in the master's employ and engaged in the transaction of business for him.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 10, 1903. Reversed.

*Frank P. Sebree, Angevine & Cubbison*, and *J. B. Wendorff*, for plaintiff in error.

*S. C. Miller*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: A cart in which defendant in error was riding came into collision with a buggy occupied by John W. Bagby, who was driving one horse to his

Clark v. Folscroft.

vehicle.   Bagby was a tenant of Clark, the defendant below, and cultivated a small tract of land belonging to his landlord, near Kansas City.   On the day of the accident Bagby came to town, and there was testimony tending to show that he bought some wire-fence staples at a store in the city, and that soon afterward, on his way home, he negligently ran his buggy against the cart in which defendant in error was riding, throwing her out and causing her severe bodily injuries. She brought this action against Clark as the master of Bagby and recovered judgment.   The trial court in its instructions based the right to recover from Clark on the jury's findings that at the time of the accident Bagby was in his emyloy ; that in carrying out such employment it was necessary to use wire-fence staples ; that Bagby drove from the country to a hardware store in the city and bought some staples for the purpose of using them on Clark's farm in performing work which Clark had employed him to do ; and that while returning from the store he negligently drove against the cart in which plaintiff below was riding and thus caused her injuries.

A witness on behalf of plaintiff below testified that in a conversation with Clark he stated that Bagby was his agent and foreman and looked after everything on the farm.   This admission of the defendant was, of course, competent, but it fell short of showing that at the time the plaintiff was hurt Bagby was employed in or about his employer's business.   To establish such fact, a witness named Henry was permitted to testify that he was present at the store of a Mr. Yardley while Bagby was buying staples and that he asked the latter what he was doing.   He responded that he was working for Mr. Clark.   The latter was not present at the time.   The following question to

the witness and his answer appear in the record: "Did he (Bagby) say what he wanted to use the staples for? "Told me to fix a fence for Mr. Clark." This testimony was material on behalf of plaintiff below, and was the only direct testimony in the case tending to show that Bagby was on a business errand for his landlord when the accident happened. Bagby was called by Clark on the defense and denied making such statement, and Clark testified that Bagby was his tenant only, cultivating land and building fences on his own account.

The court in the instruction referred to narrowed down the question to be considered by the jury, and brought it within the limits of the rule applicable in such cases. The mere fact that the agent, Bagby, was in the employ of Clark at the time of the injury did not make the latter responsible for the former's negligence. To render a master liable it must appear that the tortious acts of the servant were done in the course of his employment in the former's service. This the statement of Bagby tended to show. That such declarations were inadmissible admits of no doubt. (*Mo. Pac. Rly. Co. v. Johnson*, 55 Kan. 344, 40 Pac. 641; *Leu v. Mayer*, 52 id. 419, 34 Pac. 969; *Donaldson v. Everhart*, 50 id. 718, 32 Pac. 405; *Mo. Pac. Rly. Co. v. Stults*, 31 id. 752, 3 Pac. 522; *Coal Co. v. Dickson*, 55 id. 62, 70, 39 Pac. 691.) Bagby testified that what business he transacted while in town on the day of the accident was personal to himself. If this was true, the witness himself, not his employer, was liable. (*Hudson v. M. K. & T. Rly. Co.*, 16 Kan. 470.)

The rule is well illustrated in the case of *Cousins v. Hannibal & St. Joseph R. R. Co.*, 66 Mo. 572. A person employed by a railway company as superintend-

ent of a roundhouse where locomotives were housed, whose duty it was to see that they were kept in running order, took an engine which had been left standing in the railway yard by its regular engineer, and went after a doctor who lived about two miles distant, to attend a sick neighbor.   In running the engine on this errand the plaintiff's stock was injured and killed. It was held that the railway company was not liable.

We would prefer to affirm the judgment of the court below, if it could be done without violating a well-settled rule in the law of evidence, for we think there was ample proof of Bagby's negligence, and the verdict of the jury exceedingly moderate in amount, considering the extent of plaintiff's injuries.

The judgment of the court below will be reversed and a new trial granted.

All the Justices concurring.