## THE NATIONAL FENCE-MACHINE COMPANY V. I. D. HIGHLEYMAN.

### No. 14,093.   (80 Pac. 568.)

#### SYLLABUS BY THE COURT.

AGENCY—*Authority*—*Promissory* *Notes*.   A corporation engaged in the manufacture of fence-making machines appointed agents to sell its machines in three counties in the state. The contract of agency stipulated that the company agreed to take notes for machines when the makers were quoted good by a local bank. *Held*, that no power was thereby conferred on the agents to bind their principal by the indorsement of notes taken by them for machines sold.

Error from Labette district court; THOMAS J. FLANNELLY, judge.   Opinion filed April 8, 1905.   Reversed.

*C. S. Crawford*, and *E. L. Burton*, for plaintiff in error.

*A. D. Neale*, for defendant in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.:   This was an action brought by defendant in error to recover from the National Fence-machine Company the sum of $100 on its indorsement of a promissory note given to it by one Zink in September, 1902.   The indorsement was made before maturity, as follows: "Protest waived.   National Fence-machine Company, per H. M. Snyder, authorized agent."   The note was sold by Snyder to Highleyman.   It was never in the possession of defendant below.   The fence-machine company denied the authority of Snyder to bind it by his indorsement.   Plaintiff had judgment in the district court.

It appeared from the evidence that William Beasley & Son, in June, 1902, by an instrument in writing were appointed agents of the fence-machine company, with general authority to sell machines at wholesale or

retail in Neosho, Labette and Cherokee counties. The company agreed to furnish all machines ordered by said agents at $2.50 each. The written appointment concluded:

"The agent shall make a report to the company at the end of each month. The company hereby further agrees to take notes for machines when same are quoted good by local bank."

Snyder was employed by Beasley & Son to sell fence-machines. It is not claimed that his authority came from plaintiff in error, or that it ever ratified his acts. The note sued on was taken by Snyder for machines sold by him.

We must look to the authority conferred by the principal on its agents, Beasley & Son, to ascertain the extent of their power to bind the former by the indorsement of negotiable instruments in order to determine the scope of Snyder's agency. The written contract under which Beasley & Son acted as agents did not authorize them to indorse notes for, or on behalf of, the fence-machine company. The latter agreed to take notes for its machines when the same were quoted good by a local bank, implying that the agents were to transmit the notes taken to their principal. We are clear that it was wholly beyond the power of Snyder to bind the defendant by his indorsement. (Mech. Ag. §§ 389-393.)

The court below committed material error in allowing the holder of the note to testify to what Snyder told him respecting his authoriy to make the indorsement. The statements of an agent are incompetent to prove the fact of agency, or its scope. ( *Howe Machine Co. v. Clark,* 15 Kan. 492; *Ream v. McElhone,* 50 id. 409, 31 Pac. 1075; *Clark v. Folscroft,* 67 id. 446, 73 Pac. 86.)

The judgment of the court below is reversed, and a new trial ordered.

All the Justices concurring.