No. 19,224.

VICTOR SUNIGA, *Appellee*, v. THE ATCHISON, TOPEKA &
SANTA FE RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Insufficient Number of Men to Handle Hand
Car—Personal Injuries*. The plaintiff, who was an employee
of the defendant, suffered an injury while replacing a hand
car upon the track which he and three others had previously
removed. The negligence charged by the plaintiff and found
by the jury was that defendant failed to furnish a sufficient
number of men to handle the car with safety. *Held*, that the
fact that four men had lifted the car from the track and that
three men had lifted it at another time under different con-
ditions, does not overthrow the finding in favor of plaintiff;
and *held further*, that there is sufficient evidence to support
the finding.

2. SAME—*Assumption of Risk*. To preclude a recovery on the
ground of the assumption of risk, the plaintiff must not only
have knowledge of the existing conditions, but he must have
realized and appreciated the assumed danger resulting from
the conditions; and it is further held that the finding of the
jury that the plaintiff only partly realized the danger of the
undertaking is supported by the evidence.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed February 6,
1915. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,*
and *Harlow Hurley,* all of Topeka, for the appellant.

*Clyde E. Souders,* and *Otto R. Souders,* both of Wich-
ita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Victor Suniga recovered a judg-
ment against The Atchison, Topeka & Santa Fe Rail-
way Company for damages for personal injuries al-
leged to have been caused by the carelessness and neg-
ligence of the company and its servants. It appears

that the plaintiff was in the employ of the defendant as a section hand, and on April 24, 1913, was engaged, with others, in handling a loaded hand car over the track of the defendant. The car was removed from the track to permit a train to pass, and in replacing the car, after the passing of the train, the car was thrown upon plaintiff and he was severely injured. Plaintiff alleged that the hand car was heavily loaded with planks and tools, that four men besides himself were lifting the car, that notwithstanding suggestions by the workmen that part of the load be removed from the car and that they proceed slowly the foreman in charge insisted that no part of the load be removed and, with violent oaths, ordered that they hurry in replacing the car. Plaintiff alleged that there was an insufficient number of workmen engaged in replacing the car, and that because of this and the haste required by the foreman he was shoved down and the car pushed upon him. He alleged that the resulting injury had rendered him unfit to ever again do manual labor requiring strength, and that he had been compelled to employ physicians at considerable expense, and for these and for the pain and suffering endured he asked a recovery. Defendant, in its answer, denied generally the allegations of plaintiff and set up as defenses assumption of risk and contributory negligence. The trial resulted in a verdict in favor of plaintiff, in which he was awarded $500, and the jury returned special findings to the effect that plaintiff's injuries were caused by the failure of the defendant to furnish a sufficient number of men to safely handle the car, that the danger of handling the car by an insufficient number of men was only partly realized by the plaintiff, and that complaint of this lack had been made by him to the foreman. There was also a finding that after the injury three men lifted the car back upon the rails.

It is first contended that the evidence does not sustain the finding that a sufficient number of men to safely place the car back on the track were not fur-

nished.  It appears that four men lifted the car off the
track and that after the plaintiff was hurt three men
lifted it upon the rails.  There was a grade at the place
where the car was removed from the track and hence
it was easier for the four men to carry it down the
grade than it was for them to lift it up the grade and
upon the track.  Even if the place had been level and
the four men had succeeded in lifting the car and the
load off the track it would not necessarily follow that
four men were a sufficient force to handle the car under
ordinary circumstances.  Men can not always lift their
utmost or exercise the full measure of their physical
strength with safety.  Neither is the finding that three
men placed the car on the rails absolutely inconsistent
with the one that enough men for the required task
were not provided.  The car and load had been lifted
up the grade and upon the track before the three men
undertook to lift it upon the rails.  In the nature of
things that was a much easier task than to carry the
load up the grade, and even the effort of the three men
to lift it upon the rails may have required an extraordi-
nary exertion of strength which could not be repeated
with safety.

There is a further contention that the plaintiff was
well acquainted with the nature of the work, the num-
ber of men engaged with him; that he was necessarily
cognizant of the risk of doing the work with four men,
and therefore that he must be deemed to have assumed
the risk.  Some stress is placed upon the finding that
he partly realized the danger of the situation and of the
work as it was conducted.  To bar him from a recovery
on this ground he must not only have known of the
existing situation and conditions but he must also have
realized and appreciated the danger of continuing the
work.  (*Tecza v. Sulzberger & Sons Co.,* 92 Kan. 97,
100, 140 Pac. 105.)  The finding implies that he did not
fully realize the danger of the undertaking; besides,
the conditions were not continuous and uniform, and
he could not well measure the weight or realize the

risk in handling a car carrying loads of varying weights. On this occasion there were on the car planks and tools which added appreciably to the weight of the load. The difference in the place where the lifting was to be done, including the grade, added another element to the problem. Then there was the fact that the plaintiff had little time to measure the weight or consider the risk. In lifting the car off the track the plaintiff discovered that with the planks on the car the load would be too heavy for them to lift it from the lower to the higher place, and he, as well as those with him, suggested that the load be lightened by taking off the planks that were on the car. The foreman, however, in a peremptory order accompanied by an oath directed them to lift the car at once with the planks and tools on it. Under these circumstances there was little time or opportunity for the plaintiff to decide whether the car, loaded as it was with planks and tools, could be safely carried up the grade by four men. The notice as well as the time for reflection was short, and therefore the jury had some ground for finding that the plaintiff did not fully realize the danger which he encountered in the effort to obey the order. Under the testimony and findings it can not be held that a recovery is barred because of the assumption of risk by the plaintiff.

The judgment of the district court is affirmed.