No. 19,709.

EMMA BRIZENDINE, as Administratrix, etc., *Appellee*, v. THE
UNION PACIFIC RAILROAD COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. DEATH — *Defective Coal Chute — Negligence — Assumption of Risk.*
   The evidence justified the jury in finding negligence by reason of
   failure to equip the defendant's coal chute machinery with some de-
   vice to prevent loaded buckets from slipping backwards when ob-
   structed.

2. SAME—*Contributory Negligence.* The question of contributory negli-
   gence was for the jury, and their finding with reference thereto must
   stand.

3. SAME—*Assumption of Risk.* Rule followed that general knowledge of
   a situation does not bar recovery on the ground of assumption of risk
   unless the injured party appreciated the danger.

Appeal from Saline district court; DALLAS GROVER, judge.
Opinion filed December 11, 1915. Affirmed.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka,
for the appellant.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for the ap-
pellee.

The opinion of the court was delivered by

WEST, J.: The deceased had for about two years worked in
the defendant's coal chute at Salina. There was a system of
buckets for lifting the coal, which buckets when loaded weighed
from eighty to a hundred pounds each and were elevated

by means of machinery somewhat extensive in size and complicated in character. The allegations in part were in substance that the buckets caught on some obstacle in the bottom of the pit, thereby stopping the machinery, and while the deceased was attempting to remove this obstacle the buckets which had been filled with coal ran backwards of their own weight, catching and crushing him to death; that the power was furnished by a motor and applied by means of a belt and pulleys, and the belt when the motor was not running acted as a brake and prevented the elevator chains from running backwards, and when this belt was removed from its proper place no control could be exercised over the chains; that when the belt was removed from either wheel over which it passed the buckets would run backwards, and in this instance the loaded buckets did run backwards, causing the injury; that the belt and wheels were of faulty construction because not covered with a clamp or guard to keep the belt from slipping off, and that the defendant was negligent in not supplying such safeguards; that there was no safety device to stop the backward movement of the buckets when it became necessary to remove an obstruction; that the deceased met his death while attempting to operate the machinery "by reason of the insufficiency of the clearance of obstruction in said pit and booth, coal chute and elevator, and by reason of the insufficiency of said machinery and equipment, and by reason of the insufficiency and defects in safety appliances and safeguards in connection with said chute and elevator."

The defendant pleaded a general denial, contributory negligence and assumption of risk.

It was shown that Martin had been at work at the chute some two years and had oiled the machinery from top to bottom, and had put the belt on and knew it would come off, and knew there were no appliances to keep the buckets from running backwards except the belt, and that he had been instructed when he first began work to always put the belt on before he removed the obstruction in the bottom of the pit.

The jury found the defendant negligent in having no other safety device than the belt, that the plaintiff was not guilty of contributory negligence, and that while he had reasonable opportunity to know the conditions he did not have reasonable

opportunity to know and understand the danger to which he was exposing himself when he entered the pit at the time of the injury.

The defendant complains that its demurrer to the evidence and its motions to direct a verdict and for judgment on the special findings were denied, and also that its motion to set aside the findings of negligence and lack of reasonable opportunity to understand the danger was also denied. No motion for a new trial was filed. The argument is that there was no proof that the elevator was out of repair and that the only fault the plaintiff can find is with its construction. In other words, that the mere failure to provide an appliance for stopping the backward course of the buckets was not of itself negligence as the jury found. As the case was brought under the federal employers' liability act (Part 1, 35 U. S. Stat. at L., ch. 149, p. 65) attention is called to decisions both state and federal thereunder, and it is argued that the only duty resting upon the defendant was to exercise ordinary care and diligence in furnishing a proper elevator and that this duty was performed. It was testified that to go to the proper place to see that the belt was on before attempting to remove the obstruction, as directed by the foreman when the deceased was employed, would require a course of travel including the mounting of certain stairs covering in all from six to eight minutes of time; that the pit was dark, and the only light by which the deceased, who was on the night shift, could see to remove the obstruction was his lantern; that the workman who attempted to extricate the body from the fatal crush of the bucket came near meeting a similar fate and outside help and apparatus were necessary to rescue him. It was testified that a simple locking device could have been easily provided, and that an appliance to prevent the belt from slipping off would have been practicable, though on this point there was a difference of opinion. Without going into the complex details of the machinery it is sufficient to say that there was evidence to support the conclusion of the jury that negligence was shown in the character of the elevator and its equipment with no safeguard or device to prevent the very kind of accident which happened.

Neither can it be said as a matter of law that the finding as

to contributory negligence was contrary to or unsupported by the testimony, in view of the extent of the plant, the amount of coal required to be hoisted by the deceased, and the conditions shown. (*Smith v. Street Railway Co.*, 91 Kan. 31, 136 Pac. 930, and cases cited.)

Notwithstanding the testimony showed that the plaintiff had reasonable means of knowledge of the machinery and its condition, the finding of the jury that he did not realize the danger of the situation when he did not remove the obstacle places the matter within the rule frequently announced that such appreciation must exist in order for assumption of risk to bar recovery. (*King v. King*, 79 Kan. 584, 100 Pac. 503; *Carillo v. Construction Co.*, 81 Kan. 823, 106 Pac. 1050; *Every v. Rains*, 84 Kan. 560, 566, 115 Pac. 114; *Tecza v. Sulzberger & Sons Co.*, 92 Kan. 97, 140 Pac. 105; *Suniga v. Railway Co.*, 94 Kan. 201, 146 Pac. 364.)

No substantial error appearing the judgment is affirmed.