No. 28,930.

CONCHA ZAMORA, *Appellant*, v. WILSON & COMPANY, *Appellee*.

(282 Pac. 719.)

Opinion filed December 7, 1929.

*A. J. Herrod*, of Kansas City, for the appellant.

*J. R. Stanley, Arthur J. Stanley* and *Arthur J. Stanley, Jr.*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, the widow of Emeterio Zamora, an employee of the defendant, sued to recover damages for the death

of her husband caused by the wrongful act of Claude Brooks, another employee of the defendant. The defendant demurred to the petition of the plaintiff. That demurrer was sustained, and the plaintiff appeals.

The plaintiff alleged that Emeterio Zamora, her husband, was employed by the defendant in a packing plant in Kansas City, Kan., and—

"That . . . Claude Brooks . . . had been in the employ of the defendant, and was . . . a dangerous, turbulent and bloodthirsty man, given to commencing quarrels with and brutally assaulting other persons and other employees of defendant while in and upon defendant's premises and had assaulted and dangerously injured plaintiff's deceased on another occasion while he and the said Claude Brooks were in and upon defendant's premises, all of which facts were well known to defendant; that notwithstanding the knowledge of said defendant of all of said facts, defendant allowed and permitted the said Claude Brooks to be and remain in its employ and in and upon its premises and in possession of such dangerous instrumentalities as the meat cleaver with which he killed the said Emeterio Zamora."

The plaintiff relies on the negligence of the defendant in keeping in its employ a person of known vicious disposition. The defendant relies on the principle that it is not liable for injury caused by one employee to another where the act which caused the injury was not authorized and was not done in the promotion of the master's business or as a part of the employee's duties.

The third paragraph of the syllabus in *Roebuck v. Railway Co.*, 99 Kan. 544, 162 Pac. 1153, uses the following language:

"Under the common law of master and servant, as adopted and enforced by the courts generally, the master is not liable for the willful and criminal assault by one employee upon another, where the assault was not expressly or impliedly authorized or within the scope of the employment."

The plaintiff argues that because the petition in the present action alleges that with knowledge of the vicious disposition of Claude Brooks, the defendant retained him in its employ, *Roebuck v. Railway Co.*, supra, does not control. In that case, Charles Roebuck, a section foreman in the employ of the railway company, was killed by Jose Negreta, employed as a section man under Roebuck. Roebuck had notified the roadmaster and the assistant division superintendent of the railway company that Negreta was a vicious man and liable to do injury to Roebuck. He was ordered to keep Negreta employed and did so. Negreta finally killed Roebuck. The railway company was held not liable. The common-law principle declared

in *Roebuck v. Railway Co.*, supra, has often been followed in this state. (*Hudson v. M. K. & T. Rly. Co.*, 16 Kan. 470; *Sachrowitz v. A. T. & S. F. Rld. Co.*, 37 Kan. 212, 216, 15 Pac. 242; *Laird v. Farwell*, 60 Kan. 512, 514, 57 Pac. 98; *Clark v. Folscroft*, 67 Kan. 446, 448, 73 Pac. 86; *Mirick v. Suchy*, 74 Kan. 715, 718, 87 Pac. 1141; *Crelly v. Telephone Co.*, 84 Kan. 19, 113 Pac. 386; *Lehnen v. Hines & Co.*, 88 Kan. 58, 66, 127 Pac. 612; *Kemp v. Railway Co.*, 91 Kan. 477, 138 Pac. 621; *United Workmen v. Bank*, 92 Kan. 876, 885, 142 Pac. 974; *Martin v. Railway Co.*, 93 Kan. 681, 690, 145 Pac. 849; *Sipult v. Land & Grain Co.*, 94 Kan. 224, 232, 146 Pac. 329; *Bumstead v. Railway Co.*, 99 Kan. 589, 599, 162 Pac. 347; *DeLeon v. Railway Co.*, 103 Kan. 780, 784, 176 Pac. 636; *Brown v. Railroad Co.*, 111 Kan. 338, 207 Pac. 196; *Weigand v. Chicago, R. I. & P. Rly. Co.*, 121 Kan. 610, 249 Pac. 615; *Kastrup v. Yellow Cab & Baggage Co.*, 124 Kan. 375, 260 Pac. 635.)

The petition did not state a cause of action. The demurrer to it was properly sustained.

The judgment is affirmed.