No. 35,533

FLOYD McDANIEL, *Appellant*, v. BYRON MYERS, *Appellee.*

(131 P. 2d 650)

Opinion filed December 12, 1942.

*Ralph H. Noah,* of Beloit, argued the cause for the appellant.

*Elmer E. Euwer,* of Goodland, was on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action for damages for personal injuries alleged to have been caused by failure of defendant employer to furnish plaintiff a safe place to work. The trial court sustained a demurrer to plaintiff's evidence. The appeal is from an order and judgment so entered.

The defendant operated a filling station in Goodland, Kan. Plaintiff was employed to perform work in and about the filling station. His duties consisted in waiting on customers in the sale of gas, oil, tires and other products handled by defendant in servicing automobiles, including the automobiles and truck of defendant, and driving the truck and transport of defendant. Plaintiff had been employed by defendant in this work from October, 1937, until the 23d

day of November, 1940, when plaintiff suffered the injury complained of in this action.

Plaintiff testified that he lived a block and a half from the filling station; that on the morning of the 23d of November he walked to the station; that it was a misty, sleety morning, with the moisture freezing as it fell, and that the walks and roads were slick and icy; that from 6:30 until 9 o'clock in the morning he had been working in the driveway on the ice in the performance of his usual duties; that he was thirty-eight years of age and knew that ice was treacherous and that when he was working around the truck he knew the ground was icy, and that defendant did not in any way misinform plaintiff as to the condition of the driveway.

Plaintiff further testified that he told defendant "it was kind of slick and dangerous," and that it would be a good thing "if we had some salt or something that would melt it," and that defendant replied "that he didn't know that he was particularly sold on this salt business." Defendant directed plaintiff to service the truck in preparation for a trip to the refinery. It was in the performance of this work that plaintiff slipped and fell, sustaining the injuries for which plaintiff asks damages in the present action.

Plaintiff contends the trial court erred in sustaining the demurrer to the evidence of plaintiff.

In *Barnes v. Akins*, 101 Kan. 359, 166 Pac. 474, plaintiff slipped on the ice on the sidewalk where he was at work and sued his employer for the resulting injuries. The syllabus reads:

"In an action brought by an employee who was injured by slipping upon an icy sidewalk while helping to carry goods from his employer's store during a fire, the negligence relied upon being the failure to cover the walk with some material rendering it less slippery, it is held that the plaintiff is precluded from recovering by the fact that he knew the condition of the walk and must be deemed to have assumed the risk resulting therefrom because of the obviousness of the danger."

In the opinion of the court it was stated:

"It may well be doubted whether the obligation of the employer with respect to furnishing a safe place in which to work extends to such a situation as that here presented. But assuming that such is the case, and that the evidence tended to show negligence on the part of the defendant, we are of the opinion that the court was justified in sustaining the demurrer to the evidence on the ground that the plaintiff must be deemed to have assumed the risk arising from the slippery walk. The prevailing rule on the subject has been thus stated: 'The servant assumes all the ordinary risks of the service and all of the extraordinary risks, *i. e.*, those due to the master's negligence, of

which he knows and the dangers of which he appreciates.' (3 Labatt's Master & Servant, 2d ed., § 1186a, p. 3189.) The test is commonly said to be whether the facts and danger are as fully within the knowledge and appreciation of the employee as of the employer . . . It is a familiar rule that in order for the defense of assumption of risk to be available the employee must not only have known of the physical facts that existed, but must also have appreciated the danger to which they exposed him. (*Brizendine v. Railroad Co.*, 96 Kan. 691, 153 Pac. 495.) But this does not mean that the sense of danger must have actually been present in his mind at the time of his injury. He must be deemed to appreciate the danger if it is one that is perfectly obvious to a person of his intelligence from the known facts. If through momentary forgetfulness he fails to act upon the knowledge that he has, this does not avoid the defense of assumption of risk. . . ." (pp. 360, 361.)

In the case before us the plaintiff was a man thirty-eight years of age. He had worked on the premises more than three years, and was familiar with the ground around the filling station. He knew of the icy condition of the premises, knew the moisture was falling and that it was freezing. The hazardous condition was not caused by defendant. As an adult man it must be assumed that he knew and appreciated the danger of slipping on ice. Indeed he stated to defendant that the icy pavement was slick and dangerous and suggested that "it would be a good thing if we had some salt or something that would melt it." Notwithstanding defendant's refusal to act on the suggestion thus made, plaintiff proceeded to service the truck. Instead of standing on his protest—conceding the mere suggestion as to the salt to amount to a protest—plaintiff voluntarily continued his work and must be held to have consented to assume the risk and hazards of the employment. (*A. T. & S. F. Rld. Co. v. Schroeder*, 47 Kan. 315, 27 Pac. 965.)

In testing the sufficiency of the evidence as against a demurrer, we are to consider that favorable to the plaintiff and disregard that which is unfavorable; we are to make all inferences favorable to the plaintiff and not weigh any part that is contradictory. (*Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903.) Guided by these rules, we think the demurrer to the evidence was properly sustained by the trial court. The judgment is affirmed.