No. 37,586

Nadine Gabbard, *Appellee*, v. William D. Sharp, *Appellant*.

(205 P. 2d 960)

Opinion filed May 7, 1949.

*Frank H. Thompson* and *Stanley L. Lind,* both of Kansas City, were on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an appeal from an order overruling a demurrer to an amended petition.

The pleading in question sets forth the facts on which appellee bases her right to relief. It is not lengthy and for that reason,

except for formal averments including its prayer and immaterial allegations, particularly those pertaining to the extent of plaintiff's injuries, will be quoted at length. So limited it reads:

"Plaintiff further states that on, and prior to the 24th day of December, 1947, she was, and had been employed by the defendant William D. Sharp, as a waitress in defendant's restaurant located at the above and foregoing address.

"Plaintiff further states that among other persons working in and about said restaurant, was one Thomas Jeff Sharp. That the said Thomas Jeff Sharp was allowed and permitted by the said William D. Sharp to work in said restaurant during the same times and hours that this plaintiff was working there. That the said Thomas Jeff Sharp was a man enamored of women and particularly this plaintiff who at all times resisted the advances of the said Thomas Jeff Sharp. That the said Thomas Jeff Sharp was disposed to drinking intoxicating liquor in and about the premises of the said restaurant while he was working there and during the times that he was under the influence of said intoxicating liquor he became more aggressive in his advances toward women in and about said restaurant, and particularly this plaintiff. That this disposition of the said Thomas Jeff Sharp to be enamored of women, and more so when under the influence of itoxicating liquor was well known by the defendant, William D. Sharp, who, despite such disposition on the part of Thomas Jeff Sharp, permitted the said Thomas Jeff Sharp to work in and about said restaurant during the same times and hours that this plaintiff worked, and the disposition of the said Thomas Jeff Sharp to be particularly enamored of this plaintiff, and more so when under the influence of intoxicating liquor was well known and fully realized by the defendant William D. Sharp, and that the defendant William D. Sharp did also know that on every occasion the advances of the said Thomas Jeff Sharp were resisted by this plaintiff.

"Plaintiff further states that on the 24th day of December, 1947, at or about the hour of 10:00 P. M. the said Thomas Jeff Sharp, with the full knowledge and consent of the defendant William D. Sharp, was under the influence of intoxicating liquor was allowed and permitted to work in said restaurant in company with the plaintiff who was also at said time working in said restaurant. That at said time the defendant William D. Sharp was also present in said restaurant and observed the actions and conduct of the said Thomas Jeff Sharp, who at said time began to make advances to this plaintiff who resisted the same. That when the advances of the said Thomas Jeff Sharp were resisted by this plaintiff he became angry and willfully assaulted this plaintiff, without any fault on her part, by beating this plaintiff on and about her head, neck, shoulders and arms; that he threw a meat cleaver at her, pulled her hair, poured hot coffee down her back and knocked her to the floor of said restaurant, causing her to sustain and suffer the following injuries to wit:

"That the defendant, William D. Sharp was careless and negligent in not using ordinary care to provide this plaintiff with a safe place to work in permitting the said Thomas Jeff Sharp to work in and about said restaurant at the times that plaintiff worked there when he knew or by the exercise of ordinary care could and should have known the disposition of the said Thomas Jeff Sharp toward this plaintiff and other women, all as alleged herein, and in

permitting the said Thomas Jeff Sharp to work and be in and about said restaurant in an intoxicated condition, all as is alleged herein, knowing the habits of the said Thomas Jeff Sharp to be in and about said premises in an intoxicated condition during the hours that plaintiff worked, all as is alleged herein, and defendant William D. Sharp was further negligent in failing to restrain the said Thomas Jeff Sharp from committing the assault upon this plaintiff while the same was being committed in his presence all as is alleged herein, all of which negligent and careless acts, and omissions of duty toward this plaintiff on the part of the said William D. Sharp causing and contributing toward the injuries received by this plaintiff as is herein alleged."

Before proceeding to give consideration to the merits of this appeal we feel compelled, because of the state of the record, to comment that if appellee has any confidence in the propriety of the ruling on the involved demurrer there has been no indication of that fact. She filed no brief and made no appearance when the cause was argued. On that account our decision must be reached without any information as to the theory on which the trial court concluded the amended petition stated a cause of action or any citations of authorities supporting its decision.

When the allegations of the pleading heretofore quoted are given consideration in their entirety it becomes apparent that appellee founds her cause of action upon negligence of the appellant in failing to provide her with a safe place to work in that he employed and retained Thomas Jeff Sharp with full knowledge of all proclivities therein charged against the latter, coupled with negligence on appellant's part in failing to restrain appellee's fellow servant from committing an assault upon her.

Upon further examination of such pleading it is equally apparent that its allegations do not pretend to charge that the assault therein related was committed in the course of her fellow servant's employment and with a view to his master's business but on the contrary that they reveal such assault was committed at a time when that employee had stepped beyond the scope of his employment and was engaged in a personal venture of his own. It can likewise be added that it appears from the face of the pleading that all the vicious, licentious and dangerous characteristics of such fellow servant were known to the appellee and that notwithstanding, and without any assurance of a change in those conditions, she remained in the appellant's employ.

While the question is not here in controversy it should, perhaps, be stated that in this jurisdiction the general, well-established, rule

is that while an employer may be held liable to one of his employees for wrongful acts of a fellow servant done in the pursuance of the objects of his employment and in furtherance of his duties (*Kemp v. Railway Co.*, 91 Kan. 477, 138 Pac. 621) he is never liable for such acts when they are committed outside the scope of such servant's employment. (*Crelly v. Telephone Co.*, 84 Kan. 19, 113 Pac. 386). Many more Kansas cases to the same effect could be cited but they will not be here set forth since many of them are to be found in *Zamora v. Wilson & Co.*, infra, presently to be given consideration.

For legal treatises and textbooks evidencing that the general rule in this jurisdiction is in line with the weight of authority see 35 Am. Jur. 628, § 199; 56 C. J. S. 1084, § 325; 6 Labatt's Master and Servant, 2d ed., §§ 2273, 2274, 2347; Wood on Master and Servant, 2d ed., §§ 279, 307.

Thus it appears that unless appellee has pleaded facts which bring her within some exception to the general rule her pleading fails to state a cause of action. Doubless, although as heretofore indicated we do not have the benefit of her contentions, her first position is that by charging appellant with knowledge of her fellow employee's dangerous tendencies and with having retained him as an employee after acquisition of that knowledge she has pleaded around and thus brought herself within an exception to the general rule of nonliability for acts of servants committed without the scope of their authorized employment. If that be her claim it is answered by our decision in *Zamora v. Wilson & Co.*, 129 Kan. 285, 282 Pac. 719. In that case the plaintiff's husband had been killed by a fellow employee. Her petition charged:

" 'That . . . Claude Brooks . . . had been in the employ of the defendant, and was . . . a dangerous, turbulent and bloodthirsty man, given to commencing quarrels with and brutally assaulting other persons and other employees of defendant while in and upon defendant's premises and had assaulted and dangerously injured plaintiff's deceased on another occasion while he and the said Claude Brooks were in and upon defendant's premises, all of which facts were well known to the defendant; that notwithstanding the knowledge of said defendant of all of said facts, defendant allowed and permitted the said Claude Brooks to be and remain in its employ and in and upon its premises and in possession of such dangerous instrumentalities as the meat cleaver with which he killed the said Emeterio Zamora.' "

There, as here, the plaintiff relied upon negligence of the de-

fendant in keeping in its employ a person of known vicious disposition. The defendant relied on the general principle that it was not liable for injury caused by one employee to another where the act which caused the injury was not authorized by it and was not done in the promotion of the master's business or as a part of the employee's duties.

Prior to the institution of such action this court had decided *Roebuck v. Railway Co.,* 99 Kan. 544, 162 Pac. 1153, wherein it had held:

"Under the common law of master and servant, as adopted and enforced by the courts generally, the master is not liable for the willful and criminal assault by one employee upon another, where the assault was not expressly or impliedly authorized or within the scope of the employment." (Syl. ¶ 3.)

The plaintiff in the Zamora case in an attempt to evade the force and effect of the case from which we have just quoted argued, that because the petition in her action alleged knowledge by the employer of the vicious disposition of the offending fellow servant and his retention in the former's employ notwithstanding, the rule laid down in the Roebuck case was not controlling. We denied her contention, approved the action of the trial court in sustaining a demurrer to her petition, reaffirmed the rule announced in *Roebuck v. Railway Co.,* supra, and regardless of the facts and circumstances pleaded in her petition as above quoted, held:

"A master is not liable in damages for the act of his employee in taking the life of a coemployee when the act which caused the injury was not authorized and was not done to promote the master's business, and was not a part of the employee's duties, although the act was committed while both were employed on the master's premises." (Syl.)

Except for one question presently to be mentioned we see no room for differentiation between the facts pleaded in *Zamora v. Wilson & Co.,* supra, and those alleged to exist in the instant case. Therefore, subject to the exception noted, we hold to the view the trial court's action in overruling the demurrer to the pleading now under consideration is erroneous.

Indeed we believe there is a further and additional reason, not heretofore mentioned, which compels that conclusion. The inviolate rule, so far as we have been able to determine, is that notwithstanding the failure of an employer to exercise ordinary care in the employment of his servants, he cannot be held liable, in a case where one servant injures another, if his negligence was merely a condi-

tion as opposed to the efficient cause of injury (4 Labatt's Master and Servant, 2d ed. §§ 1570, 1571). Here, under unequivocal allegations of the petition, the employer's conduct in retaining the offending employee merely created a condition which made the action of Thomas Jeff Sharp possible. The efficient or proximate cause of appellee's injury was his action in stepping aside from his employment and in committing an assault upon appellee.

This conclusion finds support in our decisions in *Railway Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338; *Fraser v. Railway Co.,* 101 Kan. 122, 165 Pac. 831, dealing with questions pertaining to proximate and remote causes. Also, in 35 Am. Jur. 555, § 126, where the following statement appears:

"Notwithstanding an employer has been guilty of failure to exercise ordinary care for the safety of his employees as required by the common law, or of failure to comply with a statutory duty imposed for the benefit of employees, he can, in the absence of any statutory imposition of liability, be held liable for injuries to his employees only if there is a causal connection or relation between his negligence and the injury of which the employee complains. Under the common law, to enable an employee to recover from his employer for injuries received in the course of employment, he must show that the employer's negligent act or omission to act, or his noncompliance with a statutory duty, was the proximate cause or at least one of the proximate causes of the plaintiff's injury. An employer is not liable for injuries to an employee unless the injury is the proximate result of wrongful conduct chargeable to the employer. If the latter's conduct was only a condition, as distinguished from the efficient cause of the employee's injury, the employer is not liable. . . ."

Appellee's cause of action based upon appellant's failure to furnish her with a safe place to work is not good for another reason. Under clear and unambiguous allegations of her petition it appears that she knew as much if not more than appellant about the dangerous and violent characteristics of her fellow servant, with whom she elected to continue to work notwithstanding that knowledge. The rule in this jurisdiction is that if an employee knows that another employee is incompetent, or habitually negligent, and continues his work without objection, and without being induced by his employer to believe that a change will be made or that his employment will be made less dangerous he assumes the risk and hazards, of which he has full and complete knowledge, incident to such employment. For just a few of our decisions to this effect see *K. P. Rly. Co. v. Peavey,* 34 Kan. 472, 8 Pac. 780; *A. T. & S. F. Rld. Co. v. Schroeder,* 47 Kan. 315, 27 Pac. 965; *McDougall v. Railway Co.,* 106 Kan. 135, 186 Pac. 1028; *McDaniel v. Myers,* 156

Kan. 21, 131 P. 2d 650.  Others will be found cited in Hatcher's Kansas Digest, "Master and Servant," §§ 89 and 95, incl.; West's Kansas Digest, "Master and Servant," §§ 216, 217.

This, even though the employee continues to work for his employer with such knowledge and information unwillingly, and because of fear of losing his employment (*S. K. Rly. Co. v. Moore*, 49 Kan. 616, 31 Pac. 138).

In *Marbach v. Mining Co.*, 53 Kan. 731, 37 Pac. 122, in determining the duties of the employee under such conditions and circumstances, we held:

"An employee should leave the dangerous employment of his employer on discovery of the master's method of doing business, when he finds that the master does not remedy the danger complained of, and especially is this true when the danger is imminent or obvious from former injuries received by the employee in the place where he is employed." (Syl. ¶ 5.)

There remains one final question.  Does the involved pleading state a cause of action against appellant for negligence in failing to restrain Thomas Jeff Sharp from committing the assault upon appellee?  We cannot so conclude.  At page 556 of the opinion in *Roebuck v. Railway Co.*, supra, to which we adhere, approval was given by this court to a principle announced in *Medlin Milling Co. v. Boutwell*, 104 Tex. 87, 133 S. W. 1042, which reads:

" 'It is not the legal duty of the master to protect the servant from unlawful assaults by strangers, and another servant committing such an assault, not in the scope of his employment, must be regarded as a stranger'." (p. 90.)

It follows appellant's negligence *vel non* or his conduct, however reprehensible, in failing to go to appellee's assistance when assaulted by her fellow servant is therefore wholly immaterial and adds nothing to the allegations of the amended petition which we have heretofore held fails to state a cause of action against appellant for failing to furnish her with a safe place in which to work.

The judgment of the trial court is reversed with directions to sustain the demurrer to appellee's amended petition.