Clyde C. **BURGERT**, Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY**, Appellee.

No. 15625.

United States Court of Appeals
Eighth Circuit.
Jan. 16, 1957.

Kaer P. Vanice, II, Kansas City, Mo. (Edwin Earnshaw and Kirchner & Vanice, Kansas City, Mo., on the brief), for appellant.

Melvin J. Spencer, Kansas City, Mo. (Douglas Stripp and Watson, Ess, Marshall & Enggas, Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and VAN OOSTERHOUT and WHITTAKER, Circuit Judges.

GARDNER, Chief Judge.

This action was brought by appellant against the Union Pacific Railroad Company to recover damages for personal injuries alleged to have been suffered by him as a result of an assault and battery by an employee of the Union Pacific Railroad Company.

The parties will be referred to as they were designated in the trial court. By count I of his complaint plaintiff in effect alleged that at all times pertinent to the issues here involved he worked on an express car of the Railway Express Agency, Inc., which car formed a part of a Union Pacific Railroad Company's passenger train operating between Kansas City, Missouri and Salina, Kansas; that one Milo Stanley was an employee of the railroad company who had on many and various occasions quarreled, assaulted, seized, fought, scuffled with, injured and threatened to injure plaintiff and other employees of defendant and that defendant knew, or should have known, of said Stanley's pugnacious propensities; that on the 22nd day of November, 1953, "plaintiff was attacked and battered by said Milo Stanley on or about his arms, body, head and limbs and was thrown to the platform with great force and violence"; that at the time and place of said assault said Milo Stanley was acting within the scope of his employment as a brakeman for defendant; that defendant was negligent

in that it "carelessly and negligently continued to employ said Milo Stanley, and as a result of the negligent and careless employment of said Milo Stanley, the plaintiff was assaulted", and that plaintiff had previously protested to defendant.

Count II of the complaint incorporated all the allegations of count I and in addition alleged that by reason of a contract between defendant and the Railway Express Agency, Inc. for the handling of baggage plaintiff was within the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq., and that defendant negligently failed to provide plaintiff with a safe place in which to work.

The action was commenced December 14, 1954. In due course defendant filed an answer and thereafter filed an amended answer but neither of these answers are included in the printed record. After depositions of plaintiff and Stanley had been taken and filed defendant moved for summary judgment on substantially the following grounds: (1) that the cause of action was barred by the Kansas one year statute of limitations, G.S.1949, 60–306, subd. 4, the alleged cause of action having arisen in the state of Kansas, (2) that if it be claimed that the cause of action be based upon negligence of defendant no recovery can be had because it now appears from the deposition of plaintiff that at the time of the alleged assault upon him the said Milo Stanley was not acting within the scope of his employment and, further, that as shown by the allegations of plaintiff's complaint, and as admitted in plaintiff's deposition, he had full knowledge of the alleged dangerous and violent characteristics of said Stanley and, hence, he assumed the risk of exposing himself to the alleged assault of the said Milo Stanley, and (3) that as it appears from the allegations of plaintiff's complaint that he was at the time of receiving his alleged injuries employed by the Railway Express Agency, Inc., and not by the defendant, he cannot claim any benefits under the Federal Employers' Liability Act.

The court sustained the motion for summary judgment on the sole ground that as the cause of action was based upon an alleged assault and battery occurring in the state of Kansas it was barred by the Kansas one year statute of limitations applicable to assault and battery. The court apparently found it unnecessary to consider the other grounds upon which the motion was based.

After plaintiff, pursuant to his appeal, had filed his printed record and brief the defendant moved to dismiss the appeal because of the alleged failure of plaintiff to comply with various designated rules of this court relating to the preparation and contents of the printed record and brief. None of the grounds for dismissing the appeal challenged the jurisdiction of this court and we denied the motion without prejudice to the right of defendant to renew it in connection with the argument of the case on its merits and granted defendant the right to file typewritten supplemental record. The defendant accordingly filed typewritten supplemental record and filed brief fully arguing its case on the merits, in which brief it renewed its motion to dismiss.

Plaintiff seeks reversal on the sole contention that, "The appellee was in charge of the premises on which the injury occurred and was responsible for injuries resulting from a danger of which it knew and from which it failed to protect the appellant".

Preliminary to a consideration of the case on its merits we shall dispose of defendant's motion to dismiss the appeal. As has been observed, the motion was tardily made so far as it referred to the alleged inadequacy of the printed record in that the motion was not made until after plaintiff had filed his brief and the cause was on the calendar for disposition. As the objections did not go to the jurisdiction of the court we denied the motion without prejudice to defendant's right to renew it because we thought it might better be considered in connection with a determination of the case on its merits. In view of our conclusion as to

the merits of the case we now deny the motion to dismiss the appeal.

In its motion for summary judgment defendant relied upon the allegations of plaintiff's complaint, his testimony as reflected in his deposition, and the undisputed testimony of Stanley. The allegations of plaintiff's complaint, as well as his testimony, indicated that plaintiff was thoroughly familiar with the alleged dangerous and violent propensities of defendant's employee Stanley, and his testimony, among other things, conclusively showed that at the time of the alleged assault by Stanley, Stanley was not acting within the scope of his employment but that both plaintiff and Stanley had completed all duties of their employment and were on their own time and free to do as they wished. After plaintiff had signed out and left the express car on the night of November 22, 1953, he walked back to the mail car to visit with a man who was still working. The conversation did not involve their work. After plaintiff had been there about five minutes, Stanley, who had also completed his duties, approached and the alleged assault occurred. Plaintiff testified that Stanley's duties as brakeman, when the train arrived in Salina, consisted simply of taking down his markers which consisted of two lamps on the rear of the train and putting them away. Stanley testified that he also went through all the coaches and turned out the lights and then he would return to the rear end of the train, get his grip and go to his hotel. Plaintiff testified in his deposition that when Stanley left the rear end of the train he was finished for the night and did not have to check out at the station or report to anyone before or after he left the train. Plaintiff also testified in his deposition that when Stanley left the train he was through and had nothing to do but to go to the hotel or a movie or a restaurant, or to do whatever he wanted to do. Stanley testified in his deposition that after he finished his duties on the night in question he alighted from the rear platform of the train and went up to plaintiff to ask plaintiff if

he were going over to the hotel with him and that at that time he was on his way to the hotel and his work had been completed. As Stanley approached plaintiff, plaintiff told a by-stander, "I am going to beat his brains out". The by-stander repeated the remark to Stanley and plaintiff admitted to Stanley that he had made the remark. Stanley then started to chase plaintiff, caught up with him and the two men wrestled around and both fell down. Obviously, the incident here involved arose entirely out of a remark by plaintiff and a personal encounter after both men had finished their work, were off duty and were on their way to their hotel. Plaintiff admitted in his deposition that he had never had any trouble with Stanley while he was on duty and that the encounter here involved did not grow out of any argument about the work of either man. Plaintiff further testified that "I didn't have nothing to do with his work or he didn't have anything to do with my work". Similarly, Stanley testified that he had no duties in any way involving the baggage car, the express car, or the express car employees. Plaintiff also testified that:

"This physical contact with Stanley occurred every ten days or two weeks, and I made a trip with him every fourth day. * * * Stanley had never hurt me before, * * * and as far as Stanley and I were concerned it all seemed to be in fun. He and I were friendly."

A motion for summary judgment does not involve a trial of the issues of fact but is rather in the nature of a preliminary proceeding to ascertain whether or not there is a genuine issue as to any material fact. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.; Durasteel Co. v. Great Lakes Steel Corp., 8 Cir., 205 F.2d 438; Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967. There may, however, be a formal issue presented by the pleadings but shown by affi-

davit, or otherwise, not to be genuine. Durasteel Co. v. Great Lakes Steel Corp., supra; Marion County Cooperative Ass'n v. Carnation Co., 8 Cir., 214 F.2d 557.

In the instant case there are allegations in the complaint to the effect that the alleged assault by defendant's employee Stanley was committed within the scope of his employment. On motion for summary judgment, however, it appeared by undisputed and unimpeached testimony that this allegation had no basis in fact. Stanley had completed his day's work, as had also the plaintiff. There were also allegations in the complaint to the effect that Stanley was a man of dangerous and pugnacious propensities and that these characteristics were known by defendant but that it negligently continued to retain him in its employ. Plaintiff, however, in his testimony indicates that the encounters between him and Stanley were always of a jocular character, wholly lacking in pugnacity. As the alleged assault and battery was not authorized by defendant and was not committed by Stanley within the scope of his employment, but was in the nature of a personal encounter defendant could not be held liable for any injury inflicted on plaintiff. Gabbard v. Sharp, 167 Kan. 354, 205 P.2d 960; Zamora v. Wilson & Co., 129 Kan. 285, 282 P. 719; Roebuck v. Atchison, T. & S. F. Ry. Co., 99 Kan. 544, 162 P. 1153, L.R.A. 1917E, 741. In Gabbard v. Sharp, supra [167 Kan. 354, 205 P.2d 962], the court states the Kansas law which is governing in this case as follows:

"* * * in this jurisdiction the general, well established, rule is that while an employer may be held liable to one of his employees for wrongful acts of a fellow servant done in the pursuance of the objects of his employment and in furtherance of his duties, Kemp v. Chicago, R. I. & P. R. Co., 91 Kan. 477, 138 P. 621, he is never liable for such acts when they are committed outside the scope of such servant's employment."

It is, however, contended by plaintiff that his injuries proximately resulted from the negligence of defendant in continuing Stanley in its employ with full knowledge of his pugnacious proclivities, and it seems to be the contention of plaintiff that because of this alleged negligence it should be held liable for the acts of its employee even though they were not performed within the scope of his employment. A similar contention was considered by the Supreme Court of Kansas in Zamora v. Wilson & Co., supra, and Roebuck v. Atchison, T. & S. F. Ry. Co., supra. In Zamora v. Wilson & Co., supra, as here, it was alleged that the defendant was guilty of negligence in continuing in its employ a person of dangerous, turbulent and bloodthirsty propensities. In considering this contention the court among other things said:

"The plaintiff relies on the negligence of the defendant in keeping in its employ a person of known vicious disposition. The defendant relies on the principle that it is not liable for injury caused by one employé to another, where the act which caused the injury was not authorized and was not done in the promotion of the master's business or as a part of the employé's duties.

"The third paragraph of the syllabus in Roebuck v. [Atchison, T. & S. F.] Railway Co., 99 Kan. 544, 162 P. 1153, L.R.A.1917E, 741, uses the following language:

" 'Under the common law of master and servant as adopted and enforced by the courts generally, the master is not liable for the willful and criminal assault by one employé upon another, where the assault was not expressly or impliedly authorized or within the scope of the employment.'

"The plaintiff argues that, because the petition in the present action alleges that, with knowledge of the vicious disposition of Claude Brooks, the defendant retained him in its employ, Roebuck v. [Atchison, T. & S. F.] Railway Co., supra, does not control. In that case Charles Roebuck, a section foreman, in the em-

ploy of the railway company, was killed by Jose Negreta, employed as a section man under Roebuck. Roebuck had notified the roadmaster and the assistant division superintendent of the railway company that Negreta was a vicious man, and liable to do injury to Roebuck. He was ordered to keep Negreta employed, and did so. Negreta finally killed Roebuck. The railway company was held not liable. The common-law principle declared in Roebuck v. [Atchison, T. & S. F.] Railway Co., supra, has often been followed in this state. (Citing cases.)

"The petition did not state a cause of action." (Parentheses supplied.)

■ We conclude on this phase of the case that under the Kansas law the employer may not be held liable for the acts of its servant not performed pursuant to authority or within the scope of his employment, even though the servant has been negligently retained in his employment with knowledge of his dangerous and pugnacious propensities. We deem it unnecessary to consider the contention of defendant that plaintiff, under the conceded facts of this case, assumed the risk of injury by continuing voluntarily his association with Stanley.

■ The suggestion that plaintiff was on the premises of defendant as a passenger is wholly without merit. Chicago & N. W. Ry. Co. v. O'Brien, 8 Cir., 132 F. 593; Baltimore & Ohio Southwestern Railway Co. v. Voigt, 176 U.S. 498, 20 S.Ct. 385, 44 L.Ed. 560. There is no basis in law for plaintiff's contention that the alleged negligence of defendant in retaining Stanley in its employ with knowledge of his dangerous and pugnacious propensities was the proximate cause of his injuries. In Gabbard v. Sharp, supra, the court in answering a similar contention said:

"Here, under unequivocal allegations of the petition, the employer's conduct in retaining the offending

employee merely created a condition which made the action of Thomas Jeff Sharp possible. The efficient or proximate cause of appellee's injury was his action in stepping aside from his employment and in committing an assault upon appellee."

■■ As has been observed, the trial court ruled only on the question of the applicability of the Kansas statute of limitations. The question on appeal is whether or not the judgment appealed from is correct regardless of the ground on which the trial court may have reached its conclusion. We have already held that the negligence of defendant in retaining Stanley in its employ was not the proximate cause of plaintiff's injury. The proximate cause was, as held by the trial court, the assault and battery committed by Stanley outside the scope of his employment. The Kansas statute of limitations is applicable and, as held by the trial court, was a bar to the right of plaintiff's recovery, especially in view of the statute of Missouri which provides that:

"Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Section 516.180 RSMo 1949, V.A.M.S.

■ The allegation in plaintiff's complaint that plaintiff might assert rights allegedly accruing to him under the provisions of the Federal Employers' Liability Act is wholly without merit. He was not an employee of the railroad company and plaintiff in his brief and oral argument seems to have abandoned that contention.

We are clear that the record shows beyond a reasonable doubt that there was no genuine issue as to any material fact and, hence, the court properly entered summary judgment. The judgment appealed from is therefore affirmed.